**Eugene McDOWELL, Plaintiff–Appellee,**

v.

**DYNAMICS CORPORATION OF AMERICA, Defendant–Appellant.**

No. 90–5037.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 7, 1991.

Decided April 29, 1991.

Frank T. Becker (argued), Harry B. Miller, Jr., Miller, Griffin & Marks, Lexington, Ky., for plaintiff-appellee.

William J. Gallion (argued), Gallion, Edelman, Baker & Bray, Lexington, Ky., for defendant-appellant.

James E. Thompson, Richmond, Ky., E. Durward Weldon, Georgetown, Ky., for third party-appellee.

Before KENNEDY and NORRIS, Circuit Judges, and JOINER, Senior District Judge.*

KENNEDY, Circuit Judge.

The defendant-appellant, Dynamics Corporation of America, appeals an order granting the plaintiff's Rule 60(b) motion to set aside summary judgment in this diversity product liability action. The appellant argues that the District Court lacked jurisdiction to set aside summary judgment. For the reasons discussed below, we agree and shall REVERSE.

This product liability case arises from injuries sustained by the appellee, Eugene McDowell, on October 22, 1982, while using a grain elevator manufactured by the appellant. Appellee filed this diversity case in October, 1983. On December 3, 1986, the appellant moved for summary judgment, which the District Court denied because discovery was not complete. On April 27, 1987, the appellant renewed its motion for summary judgment. In considering the motion for summary judgment, the District Court did not have before it the deposition of appellee's expert which was taken by the appellant on May 15, 1987. On July 6, 1987, the court reporter notified appellant's counsel that the transcript of the deposition would shortly be sent to appellant's counsel. Both the letter and the original transcript were received by appellant's counsel after the District Court granted summary judgment on June 30, 1987. The District Court's grant of summary judgment was appealed to this Court, which held that it could not consider the deposition testimony in making its decision as to whether the summary judgment was proper because the deposition had not been part of the District Court record. This Court therefore affirmed the summary judgment on June 29, 1988, almost one year after summary judgment was first granted. Appellee then filed a petition for writ of certiorari to the United States Supreme Court, which was denied in January, 1989.

Appellee did not pursue the matter further until March 16, 1989 when the appellee filed a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)(6). While that motion was pending, the appellee's attorney filed a motion to withdraw, and new counsel was substituted. The substitution resulted in the District Court judge's recusal, and a new judge was assigned the case in July, 1989. On December 6, 1989, the District Court granted the appellee's motion for relief under Rule 60(b)(6), setting aside the summary judgment order.

On December 18, 1989, appellant filed a "Motion for Reconsideration or in the Alternative, for a Supplemental Order Allowing Appeal," in the District Court. Appellant asked the District Court to either set aside the grant of the appellee's Rule 60 motion, or certify the order as an appealable interlocutory order. On December 29,

---

* The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1989, before that motion was ruled upon by the District Court, appellant filed the instant appeal. The District Court denied the appellant's motions for reconsideration and certification on January 22, 1990. No new notice of appeal was filed.

We must first decide whether this appeal was timely filed. The Rules of Appellate Procedure require that an appeal in a civil case must be filed with "the district court within 30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a). The appellant did file notice of appeal within 30 days after the District Court set aside the summary judgment. The analysis of timeliness does not, however, end with that calculation. Prior to its notice of appeal, the appellant filed a "motion for reconsideration." Although motions for reconsideration are not specifically called for in the Federal Rules of Civil Procedure, this Court has considered such motions before, holding that they are properly treated as motions to alter or amend a judgment under Rule 59(e). *See Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979). If appellant's motion is thus treated under Rule 59, then it triggers Appellate Rule 4(a)(4), which states that when a party files a Rule 59 motion to alter or amend, the time for appeal shall not run until the district court enters an order on that motion. "A notice of appeal filed before the disposition of [a timely Rule 59 motion] shall have no effect." Fed.R.App.P. 4(a)(4). The Supreme Court has made clear that "a subsequent notice of appeal is . . . ineffective if it is filed while a timely Rule 59 motion is still pending." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

Only those motions properly filed under Rule 59, however, toll the time to appeal under Rule 4(a)(4). Appellant's motion was styled motion for reconsideration. It requested that the District Court reconsider its decision to set aside summary judgment, thereby allowing the case to proceed to trial. Although motions for reconsideration are often treated as Rule 59 motions, appellant's motion was not one that is contemplated by Rule 59. Rule 59 states that a new trial may be granted, or

"the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Fed.R.Civ.P. 59(a). Appellant's motion was not a motion for a new trial, since a trial had already been granted at appellee's request. It was also not a motion to alter or amend the judgment. The original judgment had been set aside and no new judgment had been issued. Therefore, there was no judgment that could be altered. The District Court had granted appellee's Rule 60(b) motion for relief from summary judgment, and had granted appellee a new trial. Although a motion to reconsider a decision to grant a new trial may be considered by the District Court, it is not a motion under Rule 59, and, therefore, does not toll the time to appeal. The appeal was therefore timely filed.

We next turn to the question of whether the order granting a trial is an appealable order. This Court has held that an order granting a new trial under Rule 60(b) is appealable if the District Court acted under Rule 60(b)(6) without the power to do so. Although generally an appeal is not allowed from a non-final order, there is "a reasonably well grounded common-law exception to the final-judgment rule where the district court acts without the power to do so." *Fuller v. Quire,* 916 F.2d 358, 360 (6th Cir.1990). In *Fuller,* this Court held that in order to determine whether a Rule 60(b)(6) decision is appealable, we must determine first whether the District Court had the power to grant the 60(b)(6) relief. According to *Fuller,* therefore, "to decide the jurisdictional issue, it is necessary to decide the appeal on its merits." *Id. Fuller,* therefore, controls this case. If the District Court granted relief that is not permitted under Rule 60(b), relief that it had no jurisdiction to grant, then that decision is properly appealed to this Court, which must then reverse the District Court's decision. If, however, "the district court acted correctly, the exception to the final judgment rule does not apply and this court is without jurisdiction to hear this appeal." *Id.* Following the precedent in *Fuller,* this Court must therefore decide

whether Rule 60(b)(6) permits the District Court to set aside summary judgment under the circumstances here.

Rule 60(b) allows the trial court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

Appellee's motion was made more than one year after the judgment, and therefore could not have been granted under (1), (2) or (3). The District Court, therefore, could grant appellee's motion only under Rule 60(b)(6), which has no specific time limitation. The District Court held that the motion was timely because the appellee had been "pursuing other relief through the appeals process," and because "there are strong indications that much of the delay and confusion was created by counsel for the defendant." The District Court, therefore, granted relief from the judgment under Rule 60(b)(6) in order "to avoid substantial injustice."

As discussed earlier, only if the District Court acted without the power to do so is the District Court's decision to set aside the summary judgment properly appealable to this Court. In addition, once a motion is properly "made under Rule 60(b)(6) [it] is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989). The question before this Court, therefore, is whether this particular situation falls within the rubrics of Rule 60(b)(6). "This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.*

The District Court's stated reasons for granting appellee's Rule 60(b) motion are not reasons which are properly considered under Rule 60(b)(6). First, the appellee's pursuit of an appeal does not affect the time in which it must file a motion to set aside the judgment under Rule 60(b). Appellee had a year in which to file a Rule 60 motion to bring the deposition to the attention of the District Court, even after he failed to do this within ten days of the entry of the judgment. The pendency of an appeal did not prevent him from filing a Rule 60 motion. Had the District Court indicated a willingness to grant a Rule 60 motion, the case on appeal from summary judgment could have been remanded for that purpose. Having failed to do so does not alter the time restrictions contained in Rule 60(b).

Second, the District Court states that the absence of the deposition from the record is due primarily to the court reporter's mistake and the appellant's counsel's misconduct. However, even if the deposition was not filed with the District Court due to the appellant's misconduct, that situation is included under Rule 60(b)(3), which has a one year time limit and includes "misconduct of an adverse party." Moreover, the record reveals that it was not until well after the District Court had granted summary judgment that the appellant received any advice from the court reporter that the original would be sent, not to the court, but to the appellant instead. Thus, neither the court reporter's mistake in sending the original deposition transcript to counsel nor appellant's counsel's conduct could have contributed to its absence from the court record.

The District Court did not have the deposition before it at the time it entered summary judgment because the appellee took no steps to ensure that the deposition had been transcribed and filed before the District Court ruled on the motion. There was no date by which appellant or the court reporter was required to file the deposition. Appellee had received no notice or assurance that it had been filed, although it was

appellee who was seeking to rely on it. Rule 60(b)(1) includes "mistake, inadvertence, surprise, or excusable neglect." The District Court was unable to consider the content of the deposition due either to the reporter's mistake or the appellee's excusable neglect,[1] both of which are included in Rule 60(b)(1). Therefore, because the appellee could have brought its motion for relief from judgment under Rule 60(b)(1), appellee's motion is precluded from being brought under Rule 60(b)(6).

Under Rule 60(b)(1), (2) or (3), the appellee was required to file the motion within one year, or be precluded from doing so. The District Court acted without the power to do so when it considered appellee's motion under Rule 60(b)(6). Therefore, this appeal from the District Court's decision granting relief under Rule 60(b)(6) is properly before this Court. The District Court granted relief not provided for in the Federal Rules of Civil Procedure, and therefore the District Court's decision to set aside summary judgment is REVERSED, and summary judgment for appellant is reinstated.

---

**1.** We are unable to agree with the District Court that there was no neglect on the part of counsel. He failed to check the record to see that what he relied on was part of the record. Further, he neglected for over a year to file a Rule 60 motion to be relieved from his failure to provide the court with the evidence he was relying on to reverse the summary judgement motion.