9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith BUTLER, Petitioner-Appellant, (No. 93-5250)
James Henry Crawford, Jr., Petitioner-Appellant, (No. 93-5363)
v.
UNITED STATES of America, Respondent-Appellee. (Nos. 93-5250/5363)
 Nos. 93-5250, 93-5363.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 Before: NORRIS and SILER, Circuit Judges, and OAKES, Senior Circuit Judge.*
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Case No. 93-5250, Keith Butler filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 in which he challenged the constitutionality of a sentence he received for a 1990 cocaine-possession conviction. The district court summarily dismissed the motion and an appeal followed. In Case No. 93-5363, James Henry Crawford filed a motion for relief from judgment under Fed.R.Civ.P. 60(b) in which he contended that an earlier denial of a Sec. 2255 motion to vacate was improperly entered. The district court denied the motion in a summary order and an appeal followed.
 
 
 3
 These cases were consolidated for decision on appeal pursuant to a suggestion by the petitioners that they involved a common question of law, namely, an interpretation of a sentence guideline. All parties have briefed the issues; the petitioners are proceeding without benefit of counsel.
 
 
 4
 Although a common sentencing issue appears at some place in both motions, the proper resolution of the appeals does not involve a determination of the merits of the sentencing issue. Moreover, an examination of the respective records reveals the meritless nature of each appeal.
 
 No. 93-5250
 
 5
 In 1991, Keith Butler was convicted and sentenced on one count of possession with the intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, a panel of the Sixth Circuit vacated the sentence and remanded the cause to the district court for resentencing. United States v. Butler, 938 F.2d 702 (6th Cir.1991) (order). Butler was subsequently resentenced and took another direct appeal.
 
 
 6
 Butler thereafter filed the motion to vacate sentence that is the subject of the present appeal. Butler's chief ground for relief is substantially identical to the claim raised in his second direct appeal, namely, that his resentence was improperly calculated because invalid state court convictions had been used to arrive at his criminal history category. The district court dismissed the motion on the basis that Butler's viable direct appeal precluded consideration of the collateral attack.
 
 
 7
 The district court's decision to deny the motion because it was filed during the pendency of the underlying direct appeal, and no extraordinary circumstances were apparent that necessitated immediate consideration, was correct. See, e.g., United States v. Wilson, 894 F.2d 1245, 1252 (11th Cir.), cert. denied, 497 U.S. 1029 (1990).
 
 No. 93-5363
 
 8
 In 1990, James Henry Crawford was convicted after a guilty plea of possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). A panel of this court affirmed this conviction and sentence on direct appeal. United States v. Crawford, No. 90-6174 (6th Cir. May 14, 1991) (unpublished), cert. denied, 112 S.Ct. 262 (1991). Crawford subsequently filed a motion to vacate sentence under 28 U.S.C. Sec. 2255. The district court denied the relief sought, that is, resentencing, and a panel of this court again affirmed. Crawford v. United States, No. 92-5155 (6th Cir. Aug. 18, 1992) (unpublished), cert. denied, 113 S.Ct. 435 (1992).
 
 
 9
 In 1993, Crawford filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(4) and (6) in which he sought relief from the previous judgment denying his motion to vacate. The district court concluded that Crawford had failed to demonstrate he was entitled to relief under Rule 60(b). Crawford's appeal from this decision is the subject of the present appeal.
 
 
 10
 The district court's decision appears correct under any construction of the motion. Rule 60(b)(4) provides for relief where the underlying judgment is void. A district court's decision to deny relief under this subsection, or any of the first five subsections of this rule, will be reviewed for an abuse of discretion. See, e.g., In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986). Nothing in the motion in question or any other document filed in this case suggests that the underlying conviction is a void judgment. There was no abuse of discretion in denying relief on this basis. Rule 60(b)(6) provides for relief in unusual circumstances where principles of equity mandate relief, Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original), and a district court's decision to grant or deny relief under this subsection is especially broad. McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991). The court's decision to reject this claim, particularly in light of Crawford's prior appeals on the merits of several sentencing issues, cannot be deemed reversible error.
 
 
 11
 Accordingly, the district court's judgments are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation