9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sally Marie BAKER, Plaintiff-Appellant,
v.
LOPATIN, MILLER, FREEDMAN, BLUESTONE, ERLICH, ROSEN &
BARTNICK, ATTORNEYS AT LAW, P.C., Defendants-Appellees
 No. 93-1776.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1993.
 
 1
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Sally Marie Baker, pro se, appeals a district court order denying her motion to suppress expert testimony in this civil rights case filed on the basis that the defendant denied her due process by failing to adequately represent her in a state legal malpractice lawsuit. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In her original complaint before the district court, Baker alleged that the defendant law firm committed legal malpractice in connection with another legal malpractice action that she had brought against a firm which was pursuing a medical malpractice action on her behalf, in Michigan state court. The state trial court had dismissed her medical malpractice action as time-barred by the applicable statute of limitations. The dismissal was affirmed by the Michigan Supreme Court. The state trial court also dismissed the legal malpractice action, and the state appellate courts affirmed that dismissal.
 
 
 4
 Baker then filed this suit in federal district court, alleging that she was denied due process in the Michigan state courts. The district court dismissed the complaint for lack of subject jurisdiction, because the complaint did not state a basis for federal jurisdiction and no diversity jurisdiction existed where all parties were Michigan citizens. Further, the court found that the defendant was not a state actor and, therefore, could not be liable under the Fourteenth Amendment for denial of Baker's constitutional rights. Baker appealed that decision and this court affirmed the district court's dismissal for the reasons stated by the district court. This decision was appealed to the United States Supreme Court, which denied certiorari in June of 1992.
 
 
 5
 Baker then returned to the district court, filing a motion to suppress expert testimony, which is now before this court. The district court construed this motion as a motion for relief from judgment under Fed.R.Civ.P. 60(b). The district court denied the motion, finding that the plaintiff was attempting to continue to litigate the claims which had previously been litigated "to their fullest extent." On appeal, Baker again presents arguments in support of the merits of her claims underlying the original medical malpractice and legal malpractice suits filed in state court, without addressing the district court's determination that it lacked jurisdiction because no federal question has been presented therein. The district court dismissed her petition for reconsideration as frivolous. Baker then filed a motion with this court to proceed in forma pauperis, on appeal. Fed.R.App.P. 24(a). She also moves this court to add two additional defendants to this lawsuit, alleging that these parties have, since the time she filed her complaint, joined in the "malpractices" and "conspiracies" of the originally-named defendants.
 
 
 6
 Baker states that she brought her Motion to Set Aside Judgment and Reopen Pleadings "pursuant to Fed.R.Civ.P. 60(b)(2), (3), or (6)." Relief under Rule 60(b)(2) and (3) is unavailable, because Baker did not file her motion within one year after the district court's original order was entered. Rule 60(b)(6) may be involved in unusual and extreme situations "where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in original). An abuse of discretion standard applies to decisions rendered under Rule 60(b); however, a trial court's discretion is especially broad given the underlying equity principles involved. McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 7
 Baker presents no grounds that would entitle her to the extraordinary relief that may be provided under Rule 60(b)(6). As stated by the district court, this plaintiff is attempting to continue the litigation of her claims which have been previously litigated in state court. Secondly, the defendant law firm was not acting under color of state law for purposes of bringing a federal civil rights action. The state of Michigan, even if added as a defendant, would be immune from the suit under the Eleventh Amendment. Lastly, this court need not consider Baker's arguments against the defendants that she requests be added to the suit, as these parties and the related allegations were not first presented to the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 8
 Accordingly, Baker's motion for in forma pauperis status is hereby granted for the limited purpose of deciding the merits of this appeal, her Motion to Add Parties as Defendants is denied, and the district court's order denying Baker's motion for relief from judgment under Fed.R.Civ.P. 60(b) is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation