12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard J. O'NEILL, Petitioner-Appellant,
v.
Carole SHIPLEVY, Superintendent, Respondent-Appellee.
 No. 93-3199.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1993.
 
 N.D.Ohio, No. 89-06411; Matia, Judge.
 N.D.Ohio
 AFFIRMED.
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Bernard J. O'Neill, a pro se Ohio prisoner, appeals a district court order denying his motion to reinstate his petition for a writ of habeas corpus, construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1986 following a bench trial, O'Neill was convicted of conspiracy to commit aggravated murder. He was sentenced to 7 to 14 years' imprisonment. O'Neill appealed, raising the sole issue of insufficient evidence, but his conviction was affirmed by the Ohio Court of Appeals and the Ohio Supreme Court. O'Neill next filed a motion for a new trial, based upon newly discovered evidence which allegedly established false testimony. This motion was denied by the trial court on January 20, 1989, and O'Neill did not appeal that decision.
 
 
 3
 Instead, O'Neill filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. In his petition, O'Neill alleged that police threats had induced a prosecution witness to give perjured testimony. The district court dismissed the petition without prejudice for failure to exhaust state court remedies. After O'Neill's subsequent state petition to vacate his sentence was denied by the district court on res judicata grounds, O'Neill moved the district court to reinstate his petition. The magistrate judge found that there was no longer an available state remedy and reinstated the petition. However, following a brief evidentiary hearing held on April 23, 1992, the magistrate judge recommended that the petition be dismissed because O'Neill had not established that the state knowingly used material false testimony in his criminal trial. The district court overruled O'Neill's objections and dismissed the petition with prejudice in an opinion and order filed on September 30, 1992.
 
 
 4
 O'Neill chose not to appeal the district court's order. Rather, on February 2, 1993, he filed a second motion to reinstate his habeas petition. In this motion, he argued that he was denied a full, fair, and impartial hearing; that he was denied due process and equal protection; and that he was denied an essential witness due to counsel's negligence and inadequate representation in the habeas proceeding. The district court denied the motion in a marginal order filed on February 4, 1993.
 
 
 5
 On appeal, O'Neill argues that the district court failed to consider his counsel's ineffectiveness as grounds for reinstatement. He continues to maintain that the tape-recorded conversation between a prosecution witness and his attorney would have exonerated him. O'Neill requests the appointment of counsel in his appellate brief.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in denying O'Neill's motion. See McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991); In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986). Rule 60(b) provides for relief from a civil judgment in six specific sets of circumstances. O'Neill's proffered grounds for reinstatement do not fall within Rule 60(b)(1)-(5). Subsection (6), the residual provision, is to be applied only in exceptional circumstances. McDowell, 931 F.2d at 383-84. The trial court's discretion to grant relief under Rule 60(b)(6) is especially broad given the underlying equitable principles involved. Id. at 383.
 
 
 7
 There are no exceptional circumstances present in this case. Although O'Neill lays the blame for his failure to prevail in his habeas case on counsel's allegedly ineffective representation, this is insufficient to warrant relief from judgment. It is well-settled that a civil litigant, including a habeas petitioner, has no constitutional right to counsel. See McCleskey v. Zant, 111 S.Ct. 1454, 1471 (1991); Green v. Abrams, 984 F.2d 41, 47 (2d Cir.1993). It follows that there is no constitutional right to effective assistance of counsel in a civil case. See Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991); Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991). O'Neill's additional assertions that he was denied a fair hearing in the district court, and was denied due process and equal protection are completely unsupported and, thus, are meritless.
 
 
 8
 A Rule 60(b) motion cannot be used as a substitute for an appeal, and so an appeal from an order denying relief from judgment does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). Thus, we do not consider O'Neill's substantive issue concerning the recorded conversation.
 
 
 9
 Accordingly, the request for the appointment of counsel is denied. The district court's order, entered February 4, 1993, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.