**Thomas LEWIS**

v.

**Joe DRISKELL, Warden.**

No. 3:92–0881.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 31, 1994.

Thomas Lewis, pro se.

Gordon W. Smith, Nashville, TN, for defendant.

### *MEMORANDUM*

JOHN T. NIXON, Chief Judge.

Pending before the Court is petitioner's Motion For Reconsideration Or Motion To Alter Or Amend Judgment Dismissing Habeas Corpus Petition (Doc. No. 7), filed on August 9, 1993. For the reasons stated below, the Court grants petitioner's Motion.

### I. BACKGROUND

Petitioner Thomas Lewis is an inmate at South Central Correctional Center ["SCCC"] in Clifton, Tennessee. On October 6, 1992, Mr. Lewis filed this action against Joe Driskell, former warden of SCCC, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The facts giving rise to Mr. Lewis' petition for Writ of Habeas Corpus are straightforward. On July 2, 1984, Mr. Lewis was given a sentence of thirty (30) years for an offense which occurred on April 26, 1983. At the time of Mr. Lewis' sentencing, he was required to serve thirty percent (30%) of his sentence before he would become eligible for parole consideration.

On February 15, 1989, the Tennessee Department of Correction ["TDOC"] enacted TDOC Administrative Policy and Procedure Number 502.02 ["Policy No. 502.02"], providing that the release eligibility date of any prisoner could be extended if, among other things, the Prison Disciplinary Board found the prisoner guilty of assault. On April 30, 1990, a disciplinary board at the Nashville Community Service Center found Mr. Lewis guilty of assault and extended Mr. Lewis' parole eligibility date an additional thirty percent (30%), thus requiring Mr. Lewis to serve sixty percent (60%) of his sentence before he would become eligible for parole.

On April 22, 1991, Mr. Lewis filed an action before this Court styled *Lewis v. Driskell*, No. 3:91–0297, challenging the imposition on him of TDOC Policy No. 502.02 as a violation of the Ex Post Facto Clause of the United States Constitution, as enforced through 42 U.S.C. § 1983. By Order entered on September 15, 1992, this Court dismissed Mr. Lewis' § 1983 claim, and instructed Mr. Lewis that he must seek relief from the imposition of TDOC policy No. 502.02 by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

Accordingly, on October 6, 1992, Mr. Lewis filed a Petition for Writ of Habeas Corpus. By Order entered on July 29, 1993 (Doc. No. 6), this Court dismissed Mr. Lewis' Petition for failure to exhaust state court remedies. On August 9, 1993, Mr. Lewis filed the instant Motion for Reconsideration (Doc. No. 7). Mr. Lewis argues that he has exhausted state court remedies by receiving a judgment on his claim in a class action lawsuit filed in state court, styled *Green v. T.D.O.C., Commissioner Jeff Reynolds*, Davidson County No. 90–4091–III, Appeal No. 01–A–01–9110–CH–00352, 1992 WL 14123. (Mot. Recons., Doc. No. 7, at 2.)

### II. DISCUSSION

#### A. *Standard of Review*

Motions to reconsider are treated as motions to alter or amend a judgment under Fed.R.Civ.P. 59(e). *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 982 (6th Cir. 1991). Rule 59(e) provides that "[a] motion

to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Granting or denying a Rule 59(e) motion is within the informed discretion of the district court. *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982).

In the present case, Mr. Lewis filed his Motion to Reconsider within the requisite ten days of the Court's Order dismissing his Complaint. Because Mr. Lewis has complied with Rule 59(e) in filing his Motion within ten days of the Court's decision, the Court may now address Mr. Lewis' Motion For Reconsideration on the merits.

### B. *Exhaustion of State Remedies*

■ Mr. Lewis argues that the Court must reconsider its Order dismissing his Petition on the grounds that he has exhausted state remedies. However, upon reviewing the file in this action, the Court finds that the fundamental issue underlying Mr. Lewis' Motion is whether Mr. Lewis' claim must be addressed in a petition for habeas corpus, or instead properly arises under § 1983.

If Mr. Lewis' claim properly arises under § 1983, Mr. Lewis will not be required to exhaust state remedies before bringing his claim in federal court. *Preiser v. Rodriguez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973). Moreover, this Court's decision dismissing the instant Petition for failure to exhaust state remedies, as well as Mr. Lewis' Motion for Reconsideration of such decision, will no longer apply. The Court recognizes that Mr. Lewis originally brought his challenge under § 1983, and that this Court dismissed such challenge upon a finding that it must be raised in a Petition for Writ of Habeas Corpus. The Court now revisits its earlier decision.

Although neither the Supreme Court nor the Court of Appeals for the Sixth Circuit has addressed whether a prisoner challenge to parole eligibility may be brought directly under § 1983, the Supreme Court articulated the distinction between relief under § 1983 and habeas corpus in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In *Preiser,* a prisoner challenge to prison regulations that deprived inmates of good-time credits, the Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500, 93 S.Ct. at 1841.

Since *Preiser,* the Fourth and Eleventh Circuits have directly addressed challenges to parole eligibility brought by prisoners under § 1983. *See Roller v. Cavanaugh,* 984 F.2d 120 (4th Cir.1993), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *Akins v. Snow,* 922 F.2d 1558 (11th Cir.1991), *cert. denied,* —— U.S. ——, 111 S.Ct. 2915, 115 L.Ed.2d 1079 (1991). In *Roller* and *Akins,* the Courts of Appeal for the Fourth and Eleventh Circuits, respectively, held that a prisoner attack on parole eligibility may be brought under § 1983 and that exhaustion of state remedies is not required. *Roller,* 984 F.2d at 122; *Akins,* 922 F.2d at 1559 n. 2.

The fundamental distinction between *Preiser* on the one hand and *Roller* and *Akins* on the other is the direct impact the respective lawsuits were intended to have on the petitioning prisoners' confinement. While the inmates in *Preiser* sought the restoration of good-time credits which would result in their immediate release from prison, the inmates in *Roller* and *Akins* sought to maintain the pre-existing frequency of parole reconsideration hearings which would only affect their eligibility for parole and not their actual release from confinement. *See Preiser,* 411 U.S. at 482, 93 S.Ct. at 1832; *Roller,* 984 F.2d at 121–22; *Akins,* 922 F.2d at 1560. Thus, where prisoners did not claim they were entitled to parole but instead merely challenged the parole eligibility process, they could properly bring their challenges under § 1983 without first filing a Petition for Habeas Corpus and exhausting state remedies. *Roller,* 984 F.2d at 122; *Akins,* 922 F.2d at 1559 n. 2.

In the instant action, Mr. Lewis, like the petitioners in *Roller* and *Akins,* challenges prison regulations which affect his eligibility for parole. He does not allege that he is

entitled to parole itself. Moreover, his lawsuit does not address the actual fact or length of his confinement. Since this Court adopts the reasoning of the Fourth and Eleventh Circuits, this Court finds that Mr. Lewis has brought a claim under § 1983 which may properly be addressed without first filing a petition for habeas corpus and exhausting state remedies.

Accordingly, the Court finds that the Court's dismissal of Mr. Lewis' original § 1983 claim, styled *Lewis v. Driskell,* Doc. No. 3:91–0297, was improper. The Court concludes, furthermore, that Mr. Lewis' Motion For Reconsideration Or Motion To Alter Or Amend Judgment Dismissing Habeas Corpus Petition should be granted, and that Mr. Lewis original § 1983 action should be reopened and consolidated with the instant action.[1]

### III. CONCLUSION

For the above-stated reasons, the Court determines that the instant action shall be construed as a claim brought under 42 U.S.C. § 1983. Accordingly, the Court grants petitioner's Motion For Reconsideration of this Court's Order of dismissal; and orders that petitioner's § 1983 claim, styled *Lewis v. Driskell,* Doc. No. 3:91–0297, be reopened and consolidated with this action. Furthermore, the Court orders that process issue to defendant on this § 1983 action.

An Order consistent with the findings herein is filed contemporaneously.

### *ORDER*

Pending before the Court is petitioner's Motion For Reconsideration Or Motion To Alter Or Amend Judgment Dismissing Habeas Corpus Petition (Doc. No. 7), filed on August 9, 1993.

Consistent with the contemporaneously-filed Memorandum, the Court determines that the instant action shall be construed as a claim brought under 42 U.S.C. § 1983. Accordingly, the Court GRANTS petitioner's Motion For Reconsideration of this Court's

Order of dismissal; and ORDERS that petitioner's § 1983 claim, styled *Lewis v. Driskell,* Doc. No. 3:91–0297, be REOPENED and CONSOLIDATED with this action. Furthermore, the Court ORDERS that PROCESS ISSUE to defendant on this § 1983 action.

---

1. Because the Court grants Mr. Lewis' Motion For Reconsideration of the Court's dismissal Order on other grounds, the Court does not reach Mr. Lewis' argument that his Petition should not be dismissed for failure to exhaust state remedies.