86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen Paul JARRELL, Plaintiff-Appellant,
v.
UNITED STATES ARMY, Defendant-Appellee.
 No. 95-3872.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; JOINER, District Judge.*
 
 ORDER
 
 2
 Stephen Paul Jarrell appeals a district court order denying his Fed.R.Civ.P. 60(b) motion for relief from judgment in this civil action filed under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jarrell filed his complaint in the district court alleging that he suffered head injuries from a 1971 beating during his service in the Army. The government moved to dismiss the complaint, and plaintiff responded in opposition. Thereafter, the parties consented to trial of the matter before a magistrate judge pursuant to 28 U.S.C. § 636. The magistrate judge treated the government's motion as one for summary judgment and granted summary judgment for defendant and awarded costs against plaintiff.
 
 
 4
 Nearly nine months later, plaintiff filed a motion for relief from judgment. The magistrate judge construed the motion as one filed under Fed.R.Civ.P. 60(b) and denied the motion. On appeal, plaintiff contends that: (1) consent to trial of the matter before the magistrate judge was improperly obtained; (2) his complaint is not barred by the applicable statute of limitations, and (3) the government misrepresented the record and facts concerning his head injury. The government responds that summary judgment for defendant was proper. Upon consideration, the magistrate judge's order is affirmed essentially for the reasons stated by the magistrate judge.
 
 
 5
 Generally, this court reviews the denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992) (per curiam); McDowell v. Dynamics Corp., 931 F.2d 380, 383 (6th Cir.1991). A Fed.R.Civ.P. 60(b) motion may not be used as a substitute for an appeal, and an appeal from the denial of a Fed.R.Civ.P. 60(b) motion does not bring up the underlying judgment for review. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). In pertinent part, Rule 60(b) provides for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reasons justifying relief from the operation of the judgment." The relief available under the residual provision, Fed.R.Civ.P. 60(b)(6), should be afforded only in unusual circumstances where principles of equity mandate relief, Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990), and the district court's discretion to deny relief under this provision is particularly broad. McDowell, 931 F.2d at 383.
 
 
 6
 Here, plaintiff alleged nothing in his motion for relief from judgment that would warrant relief under Fed.R.Civ.P. 60(b). First, plaintiff's allegations of misconduct by the government are in reality nothing more than disagreements with the factual basis underlying defendant's motion to dismiss. However, plaintiff can point to nothing that rises to the level of fraud or misrepresentation of the record by the government, and the factual basis underlying defendant's motion to dismiss obviously was known to plaintiff well before his Fed.R.Civ.P. 60(b) motion was filed because plaintiff fully availed himself of the opportunity to respond in opposition to defendant's motion to dismiss on this basis. Similarly, plaintiff asserts nothing that rises to the level of coercion in support of his contention that the magistrate judge improperly obtained his consent under Fed.R.Civ.P. 73 and 28 U.S.C. § 636. Again, plaintiff could have asserted this claim on appeal because the facts were known to him at the time judgment was entered. Finally, plaintiff's remaining claim that his claim is not barred by the applicable statute of limitations clearly is an attempt to use the Fed.R.Civ.P. 60(b) motion as a substitute for an appeal. Under these circumstances, the district court did not abuse its discretion in denying relief with respect to this claim. See Hopper, 867 F.2d at 294.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation