103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell PETERMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3218.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1996.
 
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Darrell Peterman appeals a district court order denying his motion to reconsider that court's denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Peterman pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and the district court sentenced him to 150 months of imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Bell, Nos. 91-3210, etc., 1991 WL 276274 (6th Cir. Dec. 20, 1991).
 
 
 3
 In 1993, Peterman filed a motion to vacate sentence, alleging that: 1) he received ineffective assistance of counsel; 2) the district court relied upon erroneous information in sentencing him; 3) the district court did not comply with the requirements of Fed.R.Crim.P. 32 in sentencing him; 4) he did not knowingly enter his guilty plea; 5) an amendment to the Sentencing Guidelines applied retroactively to him; and 6) the findings in the presentence investigation report were not supported by the evidence. In November 1993, the district court denied the motion as meritless.
 
 
 4
 In November 1995, Peterman filed a motion for reconsideration of the district court's denial of his motion to vacate sentence and the district court denied the motion. Peterman has filed a timely appeal from this order.
 
 
 5
 We initially note that Peterman's motion for reconsideration is properly construed as a motion for relief from judgment filed under Fed.R.Civ.P. 60(b) because the motion was not filed within ten days after entry of the district court's judgment, as is required for a reconsideration motion. See Fed.R.Civ.P. 59(e). Further, the motion must be construed as filed pursuant to Rule 60(b)(6) because it was not filed within one year after the district court's judgment, nor does it allege that the judgment is void or has been satisfied. See Fed.R.Civ.P. 60(b). Rule 60(b)(6) is properly invoked only in unusual and extreme situations where principals of equity mandate relief. Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir.1990). A trial court's discretion to grant relief under Rule 60(b)(6) is especially broad given the underlying equity principals involved, McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991), and an appeal from an order denying a Rule 60(b)(6) motion does not bring up for review the underlying judgment. Hood v. Hood, 59 F.3d 40, 42 (6th Cir.1995) (per curiam). Upon review, we conclude that the district court properly denied Peterman's Rule 60(b)(6) motion because Peterman has not established an unusual and extreme situation mandating relief.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.