110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oliver Ray MOORE, Plaintiff-Appellant,
v.
RE: MEMBER DATA, Defendant-Appellee.
 No. 95-6353.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 1
 Before: MERRITT and BOGGS, Circuit Judges; BECKWITH, District Judge.*
 
 ORDER
 
 2
 Oliver Ray Moore, a Tennessee citizen, appeals pro se an order of the district court denying his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) in an employment discrimination case filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Moore filed this action in 1990 against the successor corporation to his former employer, alleging that he had been discharged based on his race. On August 17, 1992, the district court granted the defendant's motion for summary judgment, over Moore's repeated arguments that more discovery was needed. Moore filed a motion for relief from judgment under Rule 60(b)(3), again arguing that summary judgment was premature because discovery had not been completed. The district court denied this motion on April 5, 1993. This court affirmed that order and the Supreme Court declined review. Moore then filed a motion on August 18, 1995, this time citing Rule 60(b)(6), raising the same argument. The district court denied the motion, and this appeal followed. The defendant moved to dismiss the appeal in part insofar as it purported to address the underlying summary judgment. A panel of this court granted that motion and denied Moore's motion for reconsideration.
 
 
 4
 Upon review, we conclude that the district court did not abuse its especially broad discretion in ruling on this motion for relief from judgment under Fed.R.Civ.P. 60(b)(6). See McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991). Motions under Rule 60(b)(6) are reserved for unusual situations not covered by the remaining five subsections of the Rule. Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir.1990). Motions alleging legal error such as that claimed here should be raised under Rule 60(b)(1). See Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir.1989). Motions under that subsection must be made within one year of judgment, pursuant to the Rule. Pursuit of an appeal does not affect this one-year time period. McDowell, 931 F.2d at 383. Thus, Moore's motion was not only based on an argument not properly made under Rule 60(b)(6), but was untimely if construed as filed under Rule 60(b)(1).
 
 
 5
 Accordingly, the district court's order denying relief from judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation