David **ROSENBERG**, Plaintiff–
Appellant,

v.

**CITY OF KALAMAZOO**,
Defendant–Appellee.

No. 00–1665.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before MARTIN, Chief Judge;
SUHRHEINRICH, Circuit Judge; and
OLIVER, District Judge.*

*ORDER*

David Rosenberg appeals a district court order that denied his motion to reinstate his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Rosenberg filed his complaint in the district court in 1987, alleging that the City of Kalamazoo deprived him of his salvage business without just compensation. In 1989, the district court dismissed the complaint as not ripe for adjudication because plaintiff had not exhausted efforts to obtain compensation in the state courts. Plaintiff did not appeal the judgment.

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Over ten years later, plaintiff filed a motion to reinstate the case in the district court. The district court denied the motion, and plaintiff filed a timely notice of appeal.

█ First, we construe plaintiff's motion to reinstate his civil rights action as a Fed.R.Civ.P. 60(b) motion for relief from the earlier judgment dismissing the case. Generally, this court reviews the denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir.1992); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir.1991). A Fed.R.Civ.P. 60(b) motion may not be used as a substitute for an appeal, and an appeal from the denial of a Fed.R.Civ.P. 60(b) motion does not bring up the underlying judgment for review. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989).

█ Upon consideration, we conclude that the district court did not abuse its discretion in denying plaintiff relief from the underlying judgment under the circumstances of this case. By the express terms of the rule itself, motions brought under Rule 60(b) must be made within a reasonable time, and motions based upon the first three subsections of the rule must be brought within one year of entry of the district court's judgment. As noted, plaintiff's motion was made over ten years after the district court's judgment. Nonetheless, plaintiff alleged nothing that warrants relief from the judgment in any event.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.