Terry NELSON, Plaintiff–Appellant,

Robbie Clark, Plaintiff,

v.

Doug SAPP; Robert A. Powell; Chuck Hughes; Dr. Patrick Sheridon; David Oragine; Cliff Gill; Charles Holt; Kenny Potts; Kenny Meeks; Craig Sanderson; Bill Adams; Shirley Walton; Burton Haley; Alvin Hodges; Floyd Neblitt; Gary Barlow; Ray Pervis, Defendants–Appellees.

No. 00–5577.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COLLIER, District Judge.[*]

### ORDER

Terry Nelson appeals a district court order that denied his motion for enlargement of time in which to file a motion for reconsideration of an earlier judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Nelson and another prisoner, Robbie Clark, filed their complaint in the district court alleging that the conditions of their confinement in the McCracken County, Kentucky, Detention Center and subsequently in state prison facilities in 1997 through 1999 violated their constitutional rights. Plaintiffs named as defendants numerous state and local officials and prison personnel in their individual and official capacities and sought $5,000,000 compensatory and punitive damages.

The district court concluded that plaintiffs failed to state a claim upon which relief can be granted and dismissed the case sua sponte pursuant to 28 U.S.C. § 1915A on January 26, 2000. Neither plaintiff filed a notice of appeal. Rather, plaintiff Nelson filed a motion for reconsideration of the judgment, and a motion for an extension of time in which to file the motion for reconsideration, on behalf of himself and plaintiff Clark on March 14, 2000. The district court denied the motion for reconsideration, and Nelson filed a timely notice of appeal. On appeal, Nelson contends that his complaint was dismissed because he received poor legal assistance from an inmate legal advisor, and that the district court should have granted his motion for reconsideration to prevent manifest injustice.

Upon consideration, we conclude that the district court did not abuse its broad discretion under Fed.R.Civ.P. 60(b)(6). *See McDowell v. Dynamics Corp.,* 931 F.2d 380, 383 (6th Cir.1991). Essentially, Nelson cited nothing that warrants relief from the district court's judgment.

---

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Accordingly, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.