Robert **MARTIN**, Plaintiff–Appellant,

v.

**L.C. COVAL**, Defendant–Appellee.

No. 00–4561.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

Robert Martin, an Ohio prisoner proceeding pro se, appeals a district court order denying his post-judgment motion filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Martin tendered a complaint to the district court along with a motion to proceed in forma pauperis. A magistrate judge granted the motion on November 4, 1999, and assessed an initial partial filing fee to be paid when funds became available. On November 9, 1999, the district court issued an initial screening order dismissing the complaint pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. The district court construed the complaint as asserting that Coval, Assistant Chief Inspector of the Ohio Department of Rehabilitation and Correction, had not adequately investigated Martin's grievance challenging conditions of confinement. Reasoning that Coval was not responsible for the conditions of confinement, the district court then found that the complaint failed to state a claim. On August 21, 2000, the Sixth Circuit affirmed that decision, holding that the complaint failed to state a claim that defendant Coval had denied Martin any constitutional right. *Martin v. Coval,* No. 99–4452, 2000 WL 1234329 (6th Cir. Aug.21, 2000) (unpublished order).

Thereafter, on October 30, 2000, Martin filed the motion that is the subject of this appeal under Fed.R.Civ.P. 60(b)(1) and (6) for relief from judgment and to file an amended complaint. Martin argued that he should be permitted to amend his complaint because he was not given an opportunity to do so when the district court issued its initial screening order. The district court denied the Rule 60(b) motion in an order filed November 8, 2000. This timely appeal followed.

In reviewing the denial of a Rule 60(b) motion, this court is limited to determining whether the district court abused its discretion. *McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 383 (6th Cir. 1991). An abuse of discretion has been defined as a "definite and firm conviction

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989). An appeal from an order denying a Rule 60(b) motion does not bring the underlying judgment up for review. *Browder v. Dir. Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989).

■ Upon review, we conclude that the district court did not abuse its discretion when it denied Martin's Rule 60(b) motion. The Prison Litigation Reform Act does not permit the district court to grant a plaintiff the opportunity to amend the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.