**Steven CARNEY, Plaintiff–Appellant,**

v.

**JEFFERSON COUNTY FISCAL COURT; Rebecca Jackson, in her official capacity as Jefferson County Judge Executive; Jefferson County**

Department of Corrections; Ronald L. Bishop, individually and in his official capacity as former Director of the Jefferson County Corrections Department; Michael Horton, individually and in his official capacity as Director of the Jefferson County Corrections Department; John Doe, unknown defendants of the Jefferson County Corrections Department; Jane Doe, unknown defendants of the Jefferson County Corrections Department, Defendants–Appellees.

No. 02–5547.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

Pro se Kentucky resident Steven Carney appeals a district court order that denied his motion to reopen a civil rights suit that was dismissed for want of prosecution. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2000, Carney, through counsel, filed a civil rights suit in which he claimed that officers used excessive force upon him. The case was removed to federal court, and on November 16, 2000, the district court ordered the parties to file a litigation plan. Carney was unresponsive to court orders and inquiries, and the court dismissed the case for want of prosecution in April 2001.

In February 2002, Carney wrote a pro se letter asking the court to reopen his case. The district court construed the letter as a Fed.R.Civ.P. 60(b) motion for relief from judgment and denied the motion.

In his timely appeal, Carney concedes that the district court made no error of law or fact, and he states that his suit was allowed to languish by a negligent attorney. He nevertheless asks this court to return his case to the docket of the district court.

As an initial matter, we note that this court is a court of error, and Carney concedes that no error is before us. The circumstances concerning the dismissal of Carney's suit, although regrettable they may be, do not empower this court to remand his case.

The district court did not abuse its discretion in denying Carney's Rule 60(b) motion. *Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992); *McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 383 (6th Cir. 1991). An appeal taken from an order that denied a Fed.R.Civ.P. 60(b) motion does not bring up for review the merits of the underlying judgment. *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Rather, our inquiry is limited to whether one of the circumstances specified in Fed.R.Civ.P. 60(b) exists which might permit plaintiff to reopen the merits of his underlying claims. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998). Here, the district court properly concluded that none of the apposite circumstances exists.

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.