William B. WALKER, Plaintiff–
Appellant,

v.

WARREN COUNTY REGIONAL JAIL;
Jackie Strode; Warren County, Ken-
tucky, Defendants–Appellees.

No. 02–5288.

United States Court of Appeals,
Sixth Circuit.

June 9, 2003.

Before KEITH, MOORE, and
GIBBONS, Circuit Judges.

*ORDER*

Pro se Kentucky prisoner William B. Walker appeals a district court order that denied his Fed.R.Civ.P. 60(b) motion for relief from judgment. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In September 1997, while being held as a pretrial detainee in the Warren County jail, Walker filed a 42 U.S.C. § 1983 suit against the defendants. In January 1998, the district court dismissed this suit but granted Walker leave to amend his complaint to state other claims. The district court dismissed Walker's remaining claims and granted summary judgment for the defendants in an order entered in March 2000. The court also denied a Rule 59(e) post-judgment motion filed by Walker. Walker filed a notice of appeal, but he failed to comply with the set briefing schedule. This court dismissed the appeal for want of prosecution in an order entered on September 11, 2000.

About one year later, Walker filed a Rule 60 motion, seeking relief from judgment and to amend his original pleadings. The district court denied the relief requested in a thorough four-page order.

Disregarding that he allowed his prior appeal to languish and be dismissed, Walker argues that the district court erred in granting summary judgment for the defendants. Both parties have filed briefs.

The district court did not abuse its discretion in denying Walker's Rule 60(b) motion. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir.1992); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991). An appeal taken from an order that denied a Fed.R.Civ.P. 60(b) motion does not bring up for review the merits of the underlying judgment. *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Rather, our inquiry is limited to whether one of the circumstances specified

in Fed.R.Civ.P. 60(b) exists which might permit plaintiff to reopen the merits of his underlying claims. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Here, the district court properly concluded that none of the apposite circumstances exists.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.