**Nancy STEELMAN, Plaintiff–Appellant,**

v.

**Billy MCLESKY; Cherry Lindamood, Warden; Grace Idusuyi, Counselor, Tennessee Women Prison, Defendants–Appellees.**

No. 03–6009.

United States Court of Appeals, Sixth Circuit.

April 8, 2004.

Before NELSON, MOORE, and FRIEDMAN,* Circuit Judges.

*ORDER*

Nancy Steelman appeals a district court order that denied her motion for relief from judgment filed under Fed.R.Civ.P. 60(b)(6). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Steelman filed a civil rights complaint in the district court alleging that the three defendant Tennessee prison officials conspired to retaliate against her after she filed a "statement of incompatibility" in which she contended that defendant prison counselor Idusuyi harassed her, and because she filed a subsequent grievance about the harassment. Steelman alleged that she was found guilty of threatening an employee and was sentenced to ten days of segregation because she wrote in her "statement of incompatibility" that the situation could "escalate to a more volatile nature." The district court dismissed the complaint sua sponte for failure to state a claim upon which relief can be granted and assessed the civil filing fee against Steelman. Steelman filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6), which the district court denied. Steelman filed a timely notice of appeal. On appeal, Steelman contends that the district court improperly dismissed her complaint for failure to state a claim upon which relief can be granted.

Generally, this court reviews the denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. *Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992); *McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 383 (6th Cir.1991). A Fed.R.Civ.P. 60(b) motion may not be used as a substitute for an appeal, and an appeal from the denial of a Fed.R.Civ.P. 60(b) motion does not bring up the underlying judgment for review. *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). In pertinent part, Rule 60(b) provides for relief from a judgment "for the following reasons: … (6) any other reasons justifying relief from the operation of the judgment." The relief available under this residual provision, Fed.R.Civ.P. 60(b)(6), should be afforded

* The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990), and the district court's discretion to deny relief under this provision is particularly broad. *McDowell*, 931 F.2d at 383. Here, the district court did not abuse its discretion in denying plaintiff relief from its earlier judgment.

The district court correctly concluded that plaintiff's retaliation claim is unavailing. As noted by the district court, a retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) defendant took an adverse action against plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between the first two elements, that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Here, the district court correctly concluded that plaintiff did not allege any facts that might show a causal connection between her filing of a grievance and the sentence of segregation imposed as a result of the "statement of incompatibility."

The district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.