955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald JOHNSON, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 91-6086.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1992.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Ronald Johnson, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Johnson and two co-defendants, Leroy Kinser and Dean Vincent, were indicted on charges of first degree burglary, first degree robbery, capital murder and criminal conspiracy relating to the burglary, robbery and death of a Harold Hayes. After a bifurcated jury trial, Johnson, Vincent and Kinser were found guilty of all charges (except the conspiracy to commit robbery charge) and they were sentenced to twenty years imprisonment on the robbery and burglary convictions and life imprisonment on the murder conviction. All three of the defendants' convictions were affirmed by the Kentucky Supreme Court on direct appeal.
 
 
 4
 Both Vincent and Johnson then filed habeas corpus petitions in the federal district court alleging numerous grounds for relief. However, one ground for relief, which was raised by both Vincent and Johnson, is controlling in this appeal. Both alleged a violation of their Sixth Amendment right to confront adverse witnesses because the prosecution introduced testimony concerning out-of-court statements made by Kinser to his sister Eva Kinser which were offered into evidence through the testimony of Detective Gaddie.
 
 
 5
 Detective Gaddie testified that Eva Kinser had told him that her brother said to her that he was with Vincent and Johnson during the crime, but that he stood in the doorway and was too shocked to move because of what they were doing to the victim, Hayes. After the testimony of Detective Gaddie was admitted, the trial judge admonished the jury not to consider the statement as evidence against defendants, Vincent and Johnson.
 
 
 6
 In the case of Vincent v. Parke, 942 F.2d 989 (6th Cir.1991), this court granted habeas relief to Vincent because he was denied his Sixth Amendment right to confront adverse witnesses. The court further concluded that the constitutional violation was not harmless error. Johnson has filed a habeas corpus petition alleging the identical Sixth Amendment claim regarding his right to confront adverse witnesses which was raised by his co-defendant Vincent in his habeas action.
 
 
 7
 In addition, Johnson also alleged that the prosecution violated his due process rights by not laying a proper foundation for the introduction of Eva Kinser's out-of-court statement, the prosecution introduced perjured testimony, and he was denied his right to an impartial jury when the trial was bifurcated. The magistrate judge found these latter claims to be without merit, yet found that Johnson's right to confront his witnesses had indeed been violated. Nonetheless, he concluded that the error was harmless. After de novo review in light of petitioner's objections, the district court adopted the report and recommendation of the magistrate judge and dismissed Johnson's petition.
 
 
 8
 On appeal, Johnson continues to argue the merits of his case except he has abandoned his claim that he was denied his right to an impartial jury. Both parties have submitted briefs. The appellee has filed a notice with the court conceding that the habeas writ should issue in light of this court's ruling in the Vincent case.
 
 
 9
 Upon review, in light of this court's opinion in Vincent, we hereby vacate the district court's judgment and remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation