25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronald G. JOHNSON, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 94-5014.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1994.
 
 Before: JONES, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Ronald G. Johnson appeals a district court order denying his motion filed under Fed.R.Civ.P. 60(b) for relief from judgment in this habeas corpus action filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Butler County, Kentucky, Circuit Court in August 1985, petitioner and two co-defendants were convicted of murder, first-degree robbery, and first-degree burglary. Petitioner was sentenced to consecutive terms of life imprisonment, 20 years of imprisonment, and 20 years of imprisonment, respectively. The convictions were affirmed by the Kentucky Supreme Court on direct appeal. Kinser v. Commonwealth, 741 S.W.2d 648 (Ky.1987).
 
 
 3
 Next, petitioner filed a petition for habeas corpus relief in the district court alleging, inter alia, that his Sixth Amendment right to confront witnesses against him was abridged when evidence was admitted at trial concerning a hearsay statement made by one of petitioner's co-defendants. After the district court denied habeas relief initially, respondent conceded on appeal to this court that the writ should issue in light of this court's conditional grant of habeas relief to one of petitioner's co-defendants in Vincent v. Parke, 942 F.2d 989 (6th Cir.1991). Thereafter, this court vacated the district court's judgment and remanded this case for further proceedings in light of Vincent. Johnson v. Parke, No. 91-6086, 1992 WL 27027 (6th Cir. February 14, 1992) (unpublished).
 
 
 4
 No action had been taken when petitioner moved for release from custody on September 4, 1992. On November 17, 1992, the district court issued a grant of the writ and directed petitioner's release from custody insofar as the custody was based upon the August 1985 convictions. On November 19, 1992, the district court amended its judgment to clarify that only petitioner's incarceration pursuant to the 1985 Butler Circuit Court convictions was affected by the grant of the writ. Petitioner again moved for release from custody on December 15, 1992. Thereafter, petitioner was retried before a jury and again was convicted of all charges in the Butler Circuit Court in February 1993. On February 19, 1993, petitioner was sentenced to consecutive sentences of life imprisonment, 15 years of imprisonment, and 15 years of imprisonment. The state responded in opposition to petitioner's motion for release from custody on June 9, 1993.
 
 
 5
 Next, petitioner filed a motion for release from custody citing Fed.R.Civ.P. 60(b)(1), (5), and (6) in which he asserted that an unconditional writ should issue because he was not retried within a reasonable time. The district court denied as without merit both petitioner's pending motion for release from custody and petitioner's motion for Fed.R.Civ.P. 60(b) relief. Petitioner filed a timely notice of appeal taken from the district court's order denying Fed.R.Civ.P. 60(b) relief.
 
 
 6
 Upon consideration, we conclude that the district court did not abuse its discretion in denying petitioner's motion for relief from judgment. See Williams v. Browman, 981 F.2d 901, 903 (6th Cir.1992) (per curiam); McDowell v. Dynamics Corp., 931 F.2d 380, 383 (6th Cir.1991). First, petitioner's motion does not state a valid reason for relief from judgment under any subsection of Rule 60(b). Second, to the extent that petitioner seeks to challenge the validity of his current custody, he must do so by separate habeas proceeding following exhaustion of available state court remedies. Therefore, the district court did not abuse its discretion in denying petitioner's motion.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.