Glen FULLER, Plaintiff–Appellee,

v.

Ricky L. QUIRE, Defendant,

Denny Transport, Inc.,
Defendant–Appellant.

No. 89–5784.

United States Court of Appeals,
Sixth Circuit.

Argued July 24, 1990.

Decided Oct. 12, 1990.

Bill Hodde, Madison, Tenn., for plaintiff-appellee.

Philip J. Shepherd (argued), Shepherd & Childers, Frankfort, Ky., for defendant.

James N. Cauthen (argued), Ogden, Sturgill & Welch, Louisville, Ky., for defendant-appellant.

Before KRUPANSKY and BOGGS, Circuit Judges, and JOINER, Senior District Judge.*

* The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

CHARLES W. JOINER, Senior District Judge.

This case involves an appeal from an order of the district court, setting aside a prior order dismissing the action for plaintiff's failure to appear at a docket call, and reinstating the case on the active docket. For the reasons stated herein, the appeal is dismissed.

The complaint in this case alleges that plaintiff, Glen Fuller, a resident of Tennessee, was operating a tractor-trailer truck on Interstate 71 in Kentucky, on October 28, 1982. Fuller alleges that Ricky L. Quire, an agent of defendant Denny Transport, Inc., also driving a tractor-trailer, negligently collided with the plaintiff, causing substantial damage to the rig and its contents, with resulting damage to his business.

The lawsuit was filed in the district court in Frankfort, Kentucky, on October 28, 1985. Charles M. Griffith, an attorney from Waverly, Tennessee, represented the plaintiff in the action. An answer was duly filed, and the case proceeded in the ordinary course. On March 12, 1987, an order was entered indicating that the case was before the court for a general review of the records, and that the case was set for a "court's docket call," on "Thursday, April 2, 1987, at 1:30 p.m., in *Frankfort*" (emphasis in original). As a result of the failure of plaintiff or plaintiff's counsel to appear in court on April 2, the trial judge ordered "that the matter be, and hereby is, dismissed for lack of prosecution."

On February 7, 1989, plaintiff, represented by different counsel, moved that the court set aside the order entered April 2, 1987, under Fed.R.Civ.P. 60(b)(6). Rule 60(b) states that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b); (3) fraud (whether heretofore denom-

inated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

Between the time of the filing of the complaint and the dismissal of the action, defendant had answered, the court had entered an order providing six months for discovery, a discovery status report had been filed by defendant asking for an extension of the discovery deadline, the deposition of plaintiff had been taken by the defendant, and the discovery deadline had been extended. The affidavit of plaintiff states that Griffith was given all the necessary information and documents connected with the case prior to the time the case was filed. Plaintiff states that Griffith suggested a settlement was pending, then ceased all contact with him.

Plaintiff was never notified of the docket call by Griffith, nor of the dismissal, until late in 1988. His affidavit states that every few weeks he attempted to contact Griffith, but his phone calls were not returned, and his letters did not receive responses. At times, it was represented to Fuller that his attorney was attending to his farming business. Plaintiff is a long-haul truck driver, and was only able to pursue these inquiries sporadically, when he was at home.

Plaintiff was finally able to contact Griffith by calling his home early on a Sunday morning. Griffith informed plaintiff that the lawsuit had been dismissed and there was likely nothing that could be done about it, that he was under pressure, that he was sorry the case had been dismissed, and that plaintiff should sue him. At this point, Fuller hired new local counsel to further

pursue the matter. The new counsel learned of the April 2, 1987, dismissal, and moved to reopen the case under Fed.R. Civ.P. 60(b)(6). The district judge found "that the interest of justice require[d]" the granting of the motion, and reinstated the case. This appeal followed.

■ We must first address whether the order setting aside a judgment and reinstating the case pursuant to Fed.R.Civ.P. 60(b)(6), is an appealable order. 28 U.S.C. section 1291 provides that courts of appeal have jurisdiction to review "all final decisions of the district courts of the United States." Subsequent provisions of this chapter detail the bases for interlocutory appeals, none of which provide jurisdiction in this case. The present situation also does not present a "collateral order" for review. *See Cohen v. Beneficial Life Ins. Co.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

This appeal is clearly not from a final order of the district court. It is apparent that this is merely one of the orders which the district court has made and will make in the process of reaching a decision. There is, however, a reasonably well grounded common-law exception to the final-judgment rule where the district court acts without the power to do so. *Phillips v. Negley*, 117 U.S. 665, 671–72, 6 S.Ct. 901, 903–04, 29 L.Ed. 1013 (1885); *Stradley v. Cortez*, 518 F.2d 488, 492 (3d Cir.1975); *Hand v. United States*, 441 F.2d 529, 530 n. 1 (5th Cir.1971); *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821–22 (2d Cir.1967).

The argument that the district court acted without power is as follows. Rule 60(b)(1) authorizes the trial court to grant relief for "mistake, inadvertence, surprise, or excusable neglect," but limits the exercise of that power to one year. Rule 60(b)(6) permits the court to grant relief from a judgment for "any other reason justifying relief from the operation of the judgment." There is no time limit on the exercise of the court's power under Rule 60(b)(6), except that the motion for relief from the judgment must be made "within a reasonable time."

■ This court has held that 60(b)(6) is to be used "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). Rule 60(b)(6) specifically states that the grounds under 60(b)(6) are "other" reasons justifying relief. This can mean nothing less than reasons not stated in 60(b)(1) and the other exceptions. A second reason why the plain language of the statute indicates that the exceptions must be mutually exclusive is that the time limitation placed upon the four discrete grounds stated in Rule 60(b)(1) would otherwise be rendered nugatory by action of 60(b)(6), which is without time limit.

Defendant's contention is that the instant situation falls within 60(b)(1), thus excluding power to act under 60(b)(6), and that plaintiff's motion should have been denied for failure to apply within one year of the dismissal. This argument involves the very merits of this appeal. If the district court acted correctly, the exception to the final judgment rule does not apply and this court is without jurisdiction to hear this appeal. Thus, to decide the jurisdictional issue, it is necessary to decide the appeal on its merits.

■ Defendant argues that the basis for plaintiff's motion is conduct encompassed in Rule 60(b)(1). Rule 60(b)(1) provides four discrete grounds: mistake, inadvertence, surprise, and excusable neglect. Therefore, the next step in our analysis must be to examine the facts of this case to determine if the grounds stated and relied upon by the district court fall within Rule 60(b)(1). We believe that they do not.

First, no mistake was made. The district court did exactly what it thought right when it dismissed the action. No one was present at the docket call, and the action was dismissed. Second, the record shows that contrary to any claim of inadvertence, the dismissal of the claim was the considered action of the district court. Third, there should be no surprise when the case is dismissed if the parties do not show up at docket calls or perform as directed by

the court. The dismissal of actions under these circumstances is a sanction commonly used by judges, and the threat of dismissal an appropriate tool to use in the management of litigation.

Finally, there is no question that the neglect of counsel was a prime factor resulting in the dismissal. The question is whether it was "excusable" neglect. The trial court did not so find. The lawyer responsible had no real excuses when confronted by the plaintiff. His response was "sue me." We can find nothing in the record to suggest that the neglect of plaintiff's former lawyer could be characterized as "excusable" neglect. Since there was nothing in this case that would indicate "excusable" neglect, Rule 60(b)(1) does not cover this case.

■■■ Defendant argues that the district court's holding implies that *plaintiff's* neglect *was* excusable, therefore the application for relief should have been held untimely filed.[1] This argument assumes that it is the neglect of the movant which is necessarily scrutinized for purposes of Rule 60(b)(1). The advisory committee's note to the 1946 amendments to Rule 60, which, *inter alia,* removed the word "his" from 60(b)(1), makes clear that this assumption is incorrect:

> The qualifying pronoun "his" has been eliminated on the basis that it is too restrictive, and that the subdivision should include the mistake or neglect of others which may be just as material and call just as much for supervisory jurisdiction as where the judgment is taken against the party through *his* mistake, inadvertence, etc.

(Emphasis in original.) The provisions of Rule 60(b)(6) permit a court to act as the district court did here. Rule 60(b)(6) is broadly drafted to give the trial judge discretion, without reference to the one-year limitation imposed elsewhere, to grant relief from judgment in unusual situations. It provides that the court may set aside a

judgment "for any other reason justifying relief from the operation of the judgment."

The district judge found as a reason "the interest of justice," after considering the broad equities of the case. The facts show that the suit was some distance from where the plaintiff lives, that the plaintiff repeatedly attempted to find out about his case, and that there is no showing of undue prejudice to the defendant. Clearly, the trial court did not err in exercising its power under the provisions of Rule 60(b)(6).

We conclude upon examination of the merits of this appeal that no exception to the final judgment rule applies, because the district court acted within its discretion. The trial judge properly granted relief from the judgment in order to avoid penalizing plaintiff, who displayed reasonable diligence in attempting to discover the status of his case, for the inexcusable misconduct of his attorney. The order reinstating this case is therefore not an order or judgment from which an appeal may be taken.

DISMISSED.

---

1. The paradoxical converse of defendant's reasoning is that if the court had denied the motion as untimely, the plaintiff's lawyer's failure to appear then would have constituted inexcusable neglect and the motion would have been timely filed under Rule 60(b)(6).