Karen EPLING and Robert Epling, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 3:94–703–L(W).

United States District Court, W.D. Kentucky.

April 25, 1997.

---

H. Scott Bates, Morgan, Collins & Gilbert, Orlando, FL, for Karen Epling, Robert Epling.

James H. Barr. III, Asst. U.S. Atty., U.S. Attorney's Office, Louisville, KY, for U.S.

*MEMORANDUM*

THOMAS A. WISEMAN, Jr., Senior District Judge, Sitting by Designation.

Before the Court is defendant's motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b)(6) in the above-entitled action. For the reasons set forth below, defendant's motion is DENIED.

## I. Introduction and Procedural History

By order of this Court entered January 9, 1997, (Docket Entry No. 158), plaintiffs Karen and Robert Epling, husband and wife, were awarded judgment and $201,000 in damages as to their medical malpractice and loss of consortium actions against the United States of America. These claims had been brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80.

A complete recitation of the procedural and factual history of this matter is contained in the Court's memorandum of January 9. It is unnecessary to revisit the record in any significant detail here, except to note that plaintiffs had initially joined both federal and private defendants in their medical malpractice claim. During the time in which her husband served in the United States Army, Mrs. Epling was treated as a dependent at the Ireland Army Community Hospital ("Ireland") at Fort Knox, Kentucky. The basis of plaintiffs' claim and for which they were awarded damages was that Mrs. Epling had suffered an eleven month delay in the diagnosis of nodular sclerosing Hodgkin's disease due to the negligence of certain Ireland physicians. Mrs. Epling was not treated exclusively by Army doctors, however, for two March 1991 radiological studies, an x-ray and computerized axial tomography ("CT") series, were both interpreted by Dr. John Lind, a private radiologist supplied to Ireland pursuant to a professional services contract with Med–National, Inc., a Texas corporation.

Dr. Lind's conclusive impression of the March 1991 CT scan was that it presented a "normal study," and that any perceived abnormality or suspected mediastinal enlargement in the earlier x-ray series was attributable to an anomaly in Mrs. Epling's body position as she underwent x-ray exposure.

In fact, as was demonstrated by the expert testimony in this case, Dr. Lind departed from the applicable standard of care in failing to appreciate obvious abnormalities in both of the March 1991 radiological studies. Prior to seeking federal remedies, then, plaintiffs filed suit against Dr. Lind and Med–National in the circuit court for Hardin County, Kentucky. This state claim was voluntarily dismissed with prejudice when it was determined that Kentucky's one year statute of limitations had run on plaintiffs' lawsuit.

In federal court, plaintiffs appended state law claims against Dr. Lind and Med–National to their action for damages against the United States arising under the FTCA. Yet, Chief Judge Charles R. Simpson III[1] ordered plaintiffs' negligence claims against Dr. Lind and Med–National dismissed on the basis that, as an independent contractor and its agent, these parties were not subject to the two year limitations period applicable to FTCA actions. 28 U.S.C. § 2401(b) (1994). Plaintiffs' malpractice action against the private defendants in this matter was therefore time-barred in federal court under Kentucky's one year limitations statute.

Subsequently, the United States cross-claimed against Dr. Lind and Med–National for negligent hiring and supervision and for contractual indemnity. Chief Judge Simpson dismissed the government's cross-claim for contribution on the basis of negligent hiring and supervision and awarded summary judgment to Med–National as to the government's cross-claim for contractual indemnity. While the rationale underlying these dispositions is fully set forth in the memorandum opinion of September 11, 1996, (Docket Entry No. 139), it is significant to note that, in relieving Dr. Lind and Med–National of liability, Chief Judge Simpson expressly invited the United States attorney in this case to invoke Kentucky's comparative fault statute, K.R.S. § 411.182, in order to reduce the government's liability exposure through an apportionment of fault. In essence, Chief

Judge Simpson instructed government counsel prior to trial that a cross-claim predicated upon either negligent hiring/supervision or contractual indemnity was misplaced when the United States had statutory authority to compel the apportionment of liability, thereby limiting its exposure.

By the instant motion, the United States has moved this Court to engage in an apportionment of fault that government counsel had been invited to prove nearly a full month prior to trial and almost four months prior to entry of judgment. This motion is entirely without merit.

## II. Legal Analysis

■ As plaintiffs have quite correctly argued in their response, Rule 60(b)(6) relief from judgment is reserved for a confined set of circumstances when the trial court is convinced that the imposition of judgment would work an extreme hardship or injustice. *See generally Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 2204–05, 100 L.Ed.2d 855 (1988); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365–66 (6th Cir.1990); *Spika v. Village of Lombard*, 763 F.2d 282, 284–85 (7th Cir.1985). The proposition that a Rule 60(b)(6) motion requires a showing of extraordinary or exceptional cause is borne out by the fact that clause (6) and clauses (1) through(s) of the rule have been held to be mutually exclusive. *Liljeberg*, 486 U.S. at 863 n. 11, 108 S.Ct. at 2204 n. 11, 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864, at 362 (2d ed.1995). That is, in order to invoke the equitable relief afforded by clause (6) it is necessary to establish that such relief is unavailable under the earlier clauses of the rule. 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2864, at 362. As a corollary, this Court concludes that, if a Rule 60(b)(6) motion is more consistently construed as one arising under clauses (1) through (5) and is properly subject to denial thereunder, access to clause (6) is foreclosed.

---

1. This case was originally filed in the district court for the Northern District of Florida. Plaintiffs had moved to Florida after Mr. Epling's discharge from the Army. The lawsuit was transferred to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a) and assigned to Chief Judge Simpson. Subsequently, the case was reassigned for purposes of trial and disposition, (Docket Entry No. 150), to this Court sitting by designation in the Western District of Kentucky.

In *Lussier v. Dugger*, 904 F.2d 661 (11th Cir.1990), the Eleventh Circuit succinctly summarized certain considerations limiting application of Rule 60(b):

> Motions [for relief from judgment] should not be used to raise arguments which could, and should, have' been made before the judgment is issued. After a judgment has been entered, the interest in finality may be deemed compelling[.] A busy district court need not[, therefore,] allow itself to be imposed upon by the presentation of theories seriatim.

*Id.* at 667 (quotations and citations omitted). While government counsel has attached to his motion a copy of the memorandum opinion disposing of plaintiffs' claims against Dr. Lind and Med–National, invocation of this opinion is ill-advised. As stated above, it is apparent from even a cursory reading of the memorandum that Chief Judge Simpson intended to encourage citation and application of Kentucky's comparative fault statute by the United States. Simply stated, the government had been counselled to seek apportionment of fault as a means of limiting liability well in advance of the trial of this matter.

For reasons unexplained in the record, defense counsel declined to offset or otherwise delimit plaintiffs' proof of government malpractice with expert testimony concerning Dr. Lind's failure to observe the standard of care and Med–National's vicarious liability for such negligence. The government elected instead to anticipate and to rely upon a perceived likelihood that plaintiffs would be unable to prove compensable injury arising from an eleven month delay in the diagnosis of Hodgkin's disease. Having failed—or, perhaps more accurately, having not fully succeeded—in this strategy, the United States seeks at this late stage to act upon advice dispensed well before trial and certainly before entry of judgment. The time for invocation of K.R.S. § 411.182 and for proof thereunder has more than passed, however, and Rule 60(b)(6) is quite simply inapplicable to the case at bar.

Indeed, the failure of government counsel to raise apportionment of fault in his pretrial brief, in cross-examination during plaintiffs' case-in-chief, or by way of rebuttal during his own case renders the instant motion more readily subject to clause (1) of Rule 60(b). This provision allows the district court to entertain a motion to vacate judgment predicated upon "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Here, the United States seeks relief from judgment based upon what was apparently a *deliberate* choice not to engage in litigation aimed at delineating the role and causal effect of multiple purported tortfeasors. Having made such an election prior to trial, the government is barred from relitigating its case at this juncture. Moreover, because access to clause (6) of Rule 60(b) is circumscribed by the movant's inability to obtain relief pursuant to clauses (1) through (5), it follows that, since the United States would be denied relief under clause (1), it may not fall back upon a more liberal remedy provided in clause (6). The operation of rule 60(b)(6) is reserved for those cases in which clauses (1) through (5) are inapposite, and the movant's claim is novel and compelling.

In addition, the instant motion ignores this Court's holding that, taken as a whole, the combined negligence of agents of the federal government was the sole cause of plaintiffs' injuries. (Docket Entry No. 158, at 26). Although Dr. Lind was undeniably negligent in failing to appreciate marked abnormalities in the March 1 991 radiological studies that he was asked to interpret, his negligence was not the proximate cause of the damages sustained by plaintiffs. The March 1991 x-ray and CT studies showing mediastinal enlargement had been referred to Dr. Lind by Dr. John Habermel, an Army internist. Dr. Habermel testified by deposition that he had been told by an Ireland emergency room physician, Dr. Paul Vinsel, that lymph node enlargement characteristic of tumor growth was indicated by the March 1991 x-ray series. More significantly, Dr. Habermel also testified that he knew Dr. Lind to be suffering from multiple sclerosis and that, as a precaution, referring physicians often confirmed his impressions with other radiologists in order to ensure accuracy.

The Court used this testimony along with other evidence in the record to conclude that it was unreasonable for Dr. Habermel to

have relied upon Dr. Lind's radiological assessments when he was aware that Dr. Lind labored under pronounced physical infirmities. In essence, while Dr. Lind may be said to have initiated an eleven month delay in the diagnosis of Hodgkin's disease, Dr. Habermel's negligence (in conjunction with that of other Army physicians set forth in the Court's memorandum) was its actual and legal cause. That is, had it not been for Dr. Habermel's misplaced reliance upon the competence of Dr. Lind, Mrs. Epling's cancer would have been diagnosed and treated when its presence was first indicated by radiographic examinations. Apportionment of fault is inapplicable where, as here, there is but one tortfeasor.

### III. Conclusion

For the foregoing reasons, the motion of the United States for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) is DENIED.

An order consistent with this memorandum shall enter.

### *ORDER*

For the reasons stated in the accompanying memorandum entered contemporaneously herewith, defendant's motion for relief from judgment under Fed.R.Civ.P. 60(b)(6) is DENIED.

It is so ORDERED.