**THAT'S ENTERTAINMENT, INC., Plaintiff,**

v.

**CLUB IMAGES, INC., d/b/a Club Images, a Michigan corporation, Defendant.**

**Civ. A. No. 96–40537.**

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 24, 1997.

Gary L. Bethune, Phoenix, AZ, Richard C. Hohenstein, Neal & Lengauer, Flint, MI, for That's Entertainment, Inc.

### *MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT*

GADOLA, District Judge.

On October 15, 1997, defendant Club Images, Inc. filed the instant motion to set aside the default judgment entered against it on January 23, 1996, almost 2 years ago. For

the following reasons, defendant's motion will be denied.[1]

## FACTUAL AND PROCEDURAL HISTORY

On June 28, 1994, plaintiff filed this action against defendant alleging a violation of the Federal Telecommunications Act of 1934, 47 U.S.C. § 605. Specifically, plaintiff alleged that it had an exclusive license to distribute the closed-circuit television broadcast of the May 22, 1993 heavyweight fight between Riddick Bowe and Jesse Ferguson (the "Event")[2] which defendant infringed when it willfully intercepted, received and broadcasted the Event at its establishment for its patrons to view without obtaining authorization from or providing payment to the plaintiff.

Janet Rogoff, a private process server, avers that on the day the Complaint was filed she went to defendant's business address at 18455 Livernois, Detroit, Michigan, and presented a copy of the Summons and Complaint to a man who identified himself as William Phillip, the Manager of the bar. After being handed a copy of the Summons and Complaint, Phillip physically escorted Rogoff off the premises.[3]

Defendant never filed an answer or otherwise responded to the Complaint, and on August 16, 1994, a Clerk's Entry of Default was entered against defendant. The Clerk's Entry of Default was mailed to defendant at its business address—18455 Livernois, Detroit, Michigan, 48221—the same address to which Janet Rogoff personally served a copy of the Summons and Complaint.

On January 23, 1996, this court entered a default judgment ("Judgment") against defendant ordering defendant to pay plaintiff statutory damages in the amount of $10,000, as well as full costs and attorney's fees.[4] A copy of the Judgment was sent to defendant's business address via first class mail.[5]

On June 5, 1996, plaintiff's attorney filed his statement of fees and costs ("Fee Statement"). A copy of the Fee Statement was sent via first class mail to defendant's business address, yet defendant never responded to it. Having received no response from the defendant, this court on September 27, 1996 entered an order awarding plaintiff the full amount of costs ($141.00) and attorney fees ($612.50) requested.

On November 1, 1996, plaintiff filed a post-judgment motion for an injunction. In particular, plaintiff sought an injunction prohibiting defendant from transferring or selling *inter alia,* its liquor license. Plaintiff claimed that defendant's liquor license was its primary asset, and unless the defendant was restrained from transferring or selling it, plaintiff would be unable to satisfy the judgment. A hearing was held on defendant's post-judgment motion on February 24, 1997 and the motion was granted. Defendant did not show at the hearing despite being mailed notice of the same at its business address.[6]

1. Pursuant to Local Rule 7.1(e), this court has decided to dispense with oral argument and decide the matter based upon the parties' written submissions.

2. Transmission of the Event, so plaintiff alleged, was electronically coded or scrambled. Plaintiff alleged that after an establishment contracted with plaintiff, it was provided with electronic decoding equipment and satellite coordinates necessary to receive the signal of the event.

3. Federal Rule of Civil Procedure 4(h) provides for service of process upon corporations by "delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." (emphasis added).

4. The Judgment was entered at a hearing on November 9, 1995. At that hearing, the amount of damages that should be awarded plaintiff was also addressed. Defendant did not appear at the hearing despite the fact that a Notice of Hearing was sent to its business address via first-class mail.

5. On January 8, 1997 plaintiff was awarded a default judgment in another case against defendant, and on September 30, 1996, Kingvision Pay Per View, Inc. was awarded a default judgment against defendant.

6. A Notice of Hearing was also sent certified mail to Club Images, Inc., dba Club Images, c/o Michigan Corporation and Securities Bureau of the State of Michigan, Attn:: G. Ann Baker, Director, Corp., Div., Michigan Dept. of Commerce, 6446 Mercantile Way, P.O. Box 3022, Lansing, MI 48909 and the Michigan Department of Commerce, Liquor Control Commission–Legal Dept., Secondary Complex, 7150 Harris Dr., P.O. Box. 30005, Lansing, MI 48909.

After the hearing, a copy of the order granting plaintiff's motion for injunctive relief was mailed to defendant's business· address via first class mail.[7]

Ultimately, on October 15, 1997, defendant filed the instant motion to set aside the default judgment entered against it on January 23, 1996. Defendant claims that it did not receive notice of this action until it received a letter from the Michigan Liquor Control Commission dated March 12, 1997 informing plaintiff of the post-judgment injunction entered in this case and notifying the defendant of the Commission's decision not to transfer its liquor license per the injunction.[8] Defendant insists that its lack of actual notice of this lawsuit until receipt of the letter from the Michigan Liquor Control Commission provides sufficient grounds for this court to set aside the default judgment.

### ANALYSIS

In moving to set aside the default judgment, defendant relies on Federal Rule of Civil Procedure 60(b). That Rule provides in pertinent part that a court, upon such terms as are just, can relieve a party from a default judgment, for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic

or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, or (6) any other reason justifying relief from the operation of the judgment.

In this case, defendant concedes that the reasons specified at Rule 60(b)(1) through Rule 60(b)(5) are inapplicable. Thus, defendant urges this court to set aside the default judgment pursuant to Rule 60(b)(6).

Defendant has a high burden to meet in order to obtain relief under Rule 60(b)(6) for it is well-established that relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances." *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) (citing *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989)). *See also Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). Indeed, not only must a movant show "exceptional or extraordinary circumstances" to obtain relief under Rule 60(b)(6), but a movant must also demonstrate that the three Rule 55[9] equitable factors enumerated in *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983) weigh

---

**7.** A copy of the order was also sent certified mail to Club Images, Inc., dba Club Images, c/o Michigan Corporation and Securities Bureau of the State of Michigan, Attn:: G. Ann Baker, Director, Corp., Div., Michigan Dept. of Commerce, 6446 Mercantile Way, P.O. Box 3022, Lansing, MI 48909 and the Michigan Department of Commerce, Liquor Control Commission–Legal Dept., Secondary Complex, 7150 Harris Dr.,. P.O. Box. 30005, Lansing, MI 48909.

**8.** The Letter was dated March 12, 1997, and read as follows:

REF # 970000795

Club Images Inc.
18455 Livernois
Detroit, MI 48221
Dear Sir:
This is regarding the 1996 Class C licensed business with Sunday Sales and Dance–Entertainment Permit located at the above address, Wayne County, presently issued to you.

We are in receipt of Temporary Restraining Order and Preliminary Injunction dated February 21, 1997.
Pursuant to copy of Restraining Order received, no action will be taken on any request received for transfer until we are in receipt of· further order of the court.
If you have any questions, contact Unit 3 of the Licensing Division at (517) 322–1400.

> MICHIGAN LIQUOR CONTROL
> COMMISSION
> Licensing Division

jlr
cc: Gary L. Bethune, Attny.

**9.** Federal Rule of Civil Procedure 55 provides:

For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

in favor of granting of such relief, those being: "(1) whether the entry of default was the result of willful or culpable conduct; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the defenses raised following the entry of default are meritorious." *Thompson v. American Home Assurance Company*, 95 F.3d 429, 433 (6th Cir. 1996) (citation omitted).[10] The decision whether to set aside a default judgment under Rule 60(b)(6) is left to the sound discretion of the trial court. *Thompson*, 95 F.3d at 432 (reviewing trial court's decision to set aside the default judgment under Rule 60(b)(6) for abuse of discretion). Additionally, "there is no time limit on the exercise of the court's power under Rule 60(b)(6), except that the motion for relief from the judgment must be made 'within a reasonable time.'". *Fuller*, 916 F.2d at 360.

### DEFENDANTS HAVE NOT SHOWN THAT RELIEF UNDER RULE 60(b) IS WARRANTED

■ Defendant insists that "exceptional" or "extraordinary" circumstances are present in this case which would justify relieving it from the default judgment under Rule 60(b)(6). Specifically, defendant argues that the it should be absolved from the. default judgment because it did not obtain notice of this case until it received a letter from the Michigan Liquor Control Commission ("MLCC Letter") in March, 1997 referencing the post-judgment injunction entered in this matter.

This court is not persuaded that any "exceptional" or "extraordinary" circumstance is present here which would justify relieving defendant from the default judgment. Indeed, this court rejects defendant's argument that it did not receive notice of this case until it received the MLCC Letter in March, 1997. The proofs show that defendant had notice of this case as early as 1995 and could have contested the default judgment much sooner. In fact, the defendant could have contested

the default judgment before it was entered. The defendant's procrastination in protesting the default judgment cannot be countenanced by this court, and this court will not disturb the default judgment due to the defendant's delay in seeking such relief.

The only reason defendant gives for not acquiring notice of this action prior to the MLCC Letter is that it never received a copy of the Summons and Complaint. Defendant insists that plaintiff's process server came to its establishment at a time it was not open[11] and served an individual, William Phillip, who was never an employee or contractor of the establishment. Defendant maintains that plaintiff should have personally served process on defendant's registered agent, co-owner and manager, Maurice Adams. If plaintiff had personally served Maurice Adams, so defendant assets, it would have obtained notice of this action prior to receipt of the MLCC Letter.

This court finds that defendant *did* acquire notice of this case prior to receipt of the MLCC letter. Defendant's assertions that it did not receive notice of this case prior to receipt of the MLCC letter are not supported by any proof, affidavit or otherwise. Defendant simply makes blanket, naked assertions in its brief that it did not receive notice of this case until it received the MLCC Letter. Without proof, this court will not and cannot conclude that defendant lacked notice of this case until receipt of the MLCC Letter.

Not only has defendant failed to submit proof showing that it lacked notice of this case until receipt of the MLCC Letter, plaintiff has submitted proof showing that defendant had notice of this case prior to receipt of the MLCC letter. For instance, before this court is the affidavit of plaintiff's attorney, Gary L. Bethune. Bethune avers that on several occasions prior to the entry of the default judgment by this court, he discussed matters relating to this case with an individual who identified himself as Maurice Adams,

---

10. In the instant case, for the reasons stated *infra*, this court finds that there is no basis under Rule 60(b) for granting defendant relief. Accordingly, this court need not consider if the Rule 55 equitable considerations cut in favor of relieving plaintiff from the default judgment.

11. In 1994, defendant allegedly discontinued regular business operations and opened infrequently for special occasions. In June, 1994, defendant did not open, if at all, prior to 6:00 p.m.

the owner of the defendant's establishment.[12] If Adams and Bethune spoke about this case prior to the entry of the default judgment in November, 1995,[13] then defendant had notice of this case prior to receipt of the MLCC letter in March, 1997. Moreover, if Adams and Bethune spoke about this case prior to the entry of the default judgment, then defendant could have protested the entry of the default judgment before it even occurred; there is no reason for defendant to have waited until after the default judgment was entered to raise its objections to the same. Another reason this court finds that defendant had notice of this case prior to receipt of the MLCC Letter is that defendant was served with a plethora of pleadings and notices relating to this matter, which it cannot legitimately argue that it did not receive. The numerous pleadings and notices were sent to its business address—18455 Livernois, Detroit, MI, 48221—an address defendant concedes is proper[14] and the address at which defendant received the letter from the Michigan Liquor Control Commission.[15]

In sum, this court finds that defendant was on notice of this action prior to receipt of the MLCC Letter, and could have been more expeditious in protesting the default judgment.

Defendant likens the instant case to the case of *Thompson v. American Home Assur-*ance Co., 95 F.3d 429 (6th Cir.1996). In that case, the Sixth Circuit affirmed a lower court's decision to set aside a default judgment[16] under Rule 60(b)(6) since the defendant had not received actual notice of the lawsuit prior to the time the default judgment was entered. *Thompson* is highly distinguishable from the instant case. Unlike the defendant in *Thompson*, the defendant in the instant case *did* have actual notice of this lawsuit prior to the time the default judgment was entered. Thus, lack of notice is not a sufficient reason to set aside the default judgment under Rule 60(b)(6) in this case even though it was so in *Thompson*.[17]

In sum, no "exceptional" or "extraordinary" circumstance is present here which would warrant setting aside the default judgment pursuant to Rule 60(b)(6). For the reasons stated *supra*, this court finds that defendant had actual notice of this case prior to the entry of the default judgment and cannot now complain about it.

## ORDER

**IT IS HEREBY ORDERED** that defendant's motion to set aside the default judgment is DENIED.

**12.** Note also that Maurice Adams is the individual defendant claims plaintiff should have personally served with the Summons and Complaint.

**13.** Although the written default judgment was not entered until January 23, 1996, a default judgment was entered for the plaintiff in open court at a hearing on November 9, 1995.

**14.** *See* Plaintiff's Brief in Support of Motion to Set Aside Default Judgment, p. 6.

**15.** It seems incredulous that defendant would receive the Letter at its business address, but not receive any of the notices and pleadings in this case at that same address.

**16.** In *Thompson*, 95 F.3d 429, the motion to set aside the default judgment was filed a mere 11 days after the default judgment was entered.

**17.** In support of its position that the default judgment should be set aside, defendant also cites *Fuller v. Quire*, 916 F.2d 358 (6th Cir.1990). Yet, the facts of *Fuller* do not even remotely resemble the facts in the case *sub judice*. In *Fuller*, "between the time of the filing of the complaint and the dismissal of the action, defendant had answered, the court had entered an order providing six months for discovery, a discovery status report had been filed by defendant asking for an extension of the discovery deadline, the deposition of plaintiff had been taken by the defendant, and the discovery deadline had been extended." *Id.* at 359. Despite the many pleadings filed by the plaintiff, the court nevertheless entered judgment against the plaintiff for lack of prosecution when the plaintiff failed to appear for a docket call. Approximately two years later, the plaintiff moved to set aside the judgment and the court did so pursuant to Rule 60(b)(6). The court found that the interests of justice warranted setting aside the judgment since plaintiff was never notified of the docket call, plaintiff attempted to contact his attorney regarding his case numerous times yet his attorney never called responded and because plaintiff's job was such (i.e., a long haul truck driver) that plaintiff could only make such inquiries of his case sporadically.