JUSTICE NELSON,
dissenting.
¶55 I dissent. The Court refuses to apply the plain language of M. R. Civ. P. 60(b) and to follow well-established legal principles, and instead creates out of whole cloth a brand new standard of analysis under this Rule. The Court’s approach will only sow confusion in this area of law. While I join Justice Cotter’s dissent, I offer the following additional discussion of the Court’s decision.
¶56 The Court contends that in Essex Ins. Co. v. Moose’s Saloon, Inc., 2007 MT 202, 338 Mont. 423, 166 P.3d 451, we “resurrected” from In re Marriage of Waters, 223 Mont. 183, 724 P.2d 726 (1986), an affirmative duty on the moving party to demonstrate that no other subsections of Rule 60(b) apply before resorting to subsection (6)-as if to say that this duty was announced in Waters and then mysteriously died during the intervening years. Opinion, ¶ 23. The duty, however, is implicit in Rule 60(b) itself and has always been required. The Rule states that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), *228 misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
M. R. Civ. P. 60(b) (emphasis added).
¶57 By its terms, Rule 60(b)(6) applies to “other” reasons justifying relief. It is self-evident that “other” refers to reasons not listed in subsections (1) through (5). Klapprott v. United States, 335 U.S. 601, 614-15, 69 S. Ct. 384, 390 (1949) (equating ‘the language of the ‘other reason’ clause”with “all reasons except the five particularly specified’). Thus, in order to proceed under subsection (6), the movant must establish that her reason is an “other” reason, i.e., one not specified in subsections (1) through (5). The Court laments that this requirement ‘forces a party to address portions of subsection (1) through (5) that may not be connected remotely to their motion.” Opinion, ¶ 22. But that is exactly what subsection (6) requires before a party may invoke it. Cf. Epling v. United States, 172 F.R.D. 220, 222 (W.D. Ky. 1997) (concluding under Fed. R. Civ. P. 60(b) that ‘in order to invoke the equitable relief afforded by clause (6) it is necessary to establish that such relief is unavailable under the earlier clauses of the rule” (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure vol. 11, §2864, 362 (2d ed. 1995))).
¶58 The Court announces that when a party fails to meet her duty of showing that none of the first five subsections of Rule 60(b) applies, this Court will take on that task for her. See Opinion, ¶ 23 (TW]e instead will evaluate whether any of the reasons in subsections (1) through (5) would apply to Zabawa’s motion to set aside the default judgment.’). I cannot agree that it is this Court’s (or the trial court’s) job to do a party’s research and analysis when she has utterly failed to comply with the plain terms of Rule 60(b). It is well-established that ‘it is not this Court’s obligation to conduct legal research on appellant’s behalf, to guess as to his precise position, or to develop legal analysis that may lend support to his position.” State v. Doyle, 2007 MT 125, ¶ 28, 337 Mont. 308, 160 P.3d 516 (alteration and internal quotation marks omitted); see also In re Marriage of McMichael, 2006 MT 237, ¶ 12, 333 Mont. 517, 143 P.3d 439 (‘We repeatedly have held that we will not consider unsupported issues or arguments.’). Accordingly, if a Rule 60(b) movant resorts to subsection (6) without even attempting *229 to show that her reason is an “other” reason (i.e., that the first five subsections of the Rule are inapplicable), then the proper course of action is to deny her motion, not to conduct the omitted evaluation for her.
¶59 Adding further confusion to the analysis, the Court manufactures a new “sneak” standard for resorting to subsection (6). Specifically, the Court states that when a party ‘is not trying to sneak her claim through subsection (6),” a detailed analysis of the other subsections is not required. Opinion, ¶ 30. The origins of this standard are a complete mystery, as the Court cites no authority for it. The Court also offers no insight into how a trial court may evaluate whether a party is being “sneaky.” Does this require a “sneakiness” hearing? Does the trial court need to enter a finding of fact, or can this Court simply infer it from the record? Who has the burden of demonstrating the existence (or nonexistence) of “sneakiness’? What conduct constitutes improper “sneaking” of a claim through subsection (6)? Today’s Opinion creates more questions than it answers.
¶60 In any event, rather than attempt to show that the first five subsections of Rule 60(b) were inapplicable, Safeco sought to show that its motion fit squarely within the substantive elements of subsection (l)-i.e., that its motion was based on “mistake, inadvertence, surprise, or excusable neglect.” The District Court agreed with Safeco, as does this Court. Opinion, ¶ 39. In Karlen v. Evans, 276 Mont. 181, 915 P.2d 232 (1996), we recognized that subsection (1) and subsection (6) are mutually exclusive. See Karlen, 276 Mont. at 186, 915 P.2d at 235 (“[A] party is precluded from relief under subsection (6) when the facts or circumstances would bring the case under one of the first five subsections of Rule 60(b).”); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 n. 11, 108 S. Ct. 2194, 2204 n. 11 (1988) (observing that “clause (6) and clauses (1) through (5) are mutually exclusive”). Thus, since Safeco’s motion falls within the substantive elements of subsection (1), its motion clearly cannot be based on “any other reason justifying relief’under subsection (6). See Klapprott, 335 U.S. at 613, 69 S. Ct. at 389 (observing that a party may ‘hot avail himself of the broad ‘any other reason’ clause of 60(b)” if his motion is grounded in subsection (1)).
¶61 In an entirely separate sentence of Rule 60(b), it is said that Tt]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment.” Here, Zabawa was personally served, and she delivered the papers to *230 Safeco’s local agent, who in turn forwarded the summons and complaint to Safeco. Accordingly, because the procedural 60-day requirement indisputably applies to Safeco’s motion, the motion should have been denied.
¶62 The District Court erred, and this Court errs, in refusing to acknowledge this fact. In holding as it does here, the Court renders the procedural time bar a nullity because, according to the Court, whenever a party’s motion falls under subsection (1) ‘but for”the time bar applicable to that subsection, she may leap to subsection (6). Henceforth, after today’s decision, there is no instance when the time bar applicable to subsections (1), (2), and (3) would ever bar a Rule 60(b) motion, for the reason that a movant may simply assert that ‘but for” the time bar, she could have proceeded under subsection (1), (2), or (3) and, because the time bar prevents her from doing so-, she may proceed under subsection (6) instead. Subsection (6), however, was never intended as a means of avoiding the time bar applicable to subsections (1), (2), and (3). See Liljeberg, 486 U.S. at 863 n. 11, 108 S. Ct. at 2204 n. 11 (“[A] party may not avail himself of the broad ‘any other reason’ clause of 60(b) if his motion is based on grounds specified in clause (l)-mistake, inadvertence, surprise or excusable neglect.’ Rather, ‘extraordinary circumstances’ are required to bring the motion within the ‘other reason’ language and to prevent clause (6) from being used to circumvent the 1-year limitations period that applies to clause (1).”(emphasis added, some internal quotation marks omitted)).
¶63 As for the Court’s analysis under subsection (6), the Court first announces that a court may vacate a judgment whenever doing so is “appropriate to accomplish justice,’’Opinion, ¶ 27-another amorphous and subjective standard (not unlike the Court’s “sneak” standard, Opinion, ¶ 30) which renders the first five subsections of Rule 60(b) superfluous, unless we are to believe that the first five subsections do not already incorporate the concept of‘justice.” But the Court goes on to acknowledge that in order to prevail under subsection (6), the movant must show that extraordinary circumstances exist which justify relief from the operation of the judgment, that she acted to set aside the judgment within a reasonable period of time, and that she was blameless. Opinion, ¶ 30; Essex, ¶ 25. Indeed, the movant must be completely ‘faultless”for his or her predicament, i.e., for failing to take any steps that would have resulted in preventing the judgment from which relief is sought. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497 (1993); James Wm. Moore et al., Moore’s Federal Practice vol. 12, *231 §60.48[3][b], 60-188 (3d ed. 2009). Here, Safeco goes to great lengths to blame everyone involved in this case except the responsible party: itself. As noted, Zabawa was personally served with a summons and complaint, she delivered these papers to Safeco’s local agent (just as she had done when reporting the accident), and the local agent forwarded them to Safeco (just as he had done with the accident report). Safeco, in turn, failed to process the paperwork and failed to appear on the complaint. This scenario certainly is not “extraordinary,” and these facts clearly do not establish that Safeco is blameless.
¶64 Yet, instead of focusing on these salient facts, Safeco and the Court engage in a blame-shifting critique of the actions of Bartell and his attorney-e.g., Bartell’s failure to respond to Safeco’s letters and his attorney’s failure to send letters to the correct address. See Opinion, ¶¶ 31-33, 38. These actions, however, occurred before Bartell’s complaint was filed and after the default judgment was entered. As such, they have no bearing whatsoever on whether Safeco’s failure to process Bartell’s summons and complaint and appear in court is excused by extraordinary circumstances for which Safeco is blameless. Safeco just flat mishandled a run-of-the-mill daily task and is now trying to avoid the consequences of its actions by redirecting the spotlight away from itself and onto totally irrelevant conduct of Bartell and his attorney. Unfortunately, the Court follows Safeco’s lead and not only blames Bartell for Safeco’s own failure to act on the faxed paperwork, but also concludes that Safeco, as a result of its own internal error, suffered more prejudice than Bartell (who has since passed away). See Opinion, ¶¶ 36, 38. This conclusion is untenable.
¶65 In sum, the rules governing the application of Rule 60(b) are well-established. The Court simply refuses to follow them. Indeed, the Court acknowledges that “either subsection (1) or subsection (6) may apply” to a given set of circumstances. Opinion, ¶ 24 (emphases added). The Court concludes that Zabawa’s motion meets the substantive elements of subsection (1). Opinion, ¶ 39. Under the Court’s “either/or” rule, therefore, subsection (6) cannot apply. Nevertheless, the Court affirms the District Court’s decision to set aside the judgment under subsection (6).[1] Opinion, ¶ 40.
*232 ¶66 In dismissing the 60-day time bar applicable to subsection (1) and in misapplying the “extraordinary circumstances”and ‘blamelessness” requirements of subsection (6), the Court’s decision renders these requirements nugatory and injects confusion into our Rule 60(b) caselaw. For these reasons and based on the analysis provided in Justice Cotter’s dissent, I would reverse the District Court’s order and remand with instructions to deny the motion to set aside the judgment.
¶67 I dissent.
JUSTICES COTTER and RICE join in the Dissent of JUSTICE NELSON

 I note the Court’s contention that Fuller v. Quire, 916 F.2d 358 (6th Cir. 1990), supports the District Court’s approach. Opinion, ¶ 28. Yet, as the Court points out, the Fuller court‘first rejected the notion that subsection (1) applied.”Opinion, ¶ 29. Indeed, the Fuller court considered the substantive requirements of subsection (1) and concluded that they did not apply. See Fuller, 916 F.2d at 360-61. That fact is a critical distinction between Fuller and the present case. Having determined that subsection (1) *232 did not apply, the Fuller court turned to subsection (6). Here, however, the District Court determined that subsection (1) did apply (but for the 60-day time bar). Accordingly, there was no basis to turn to subsection (6), and the District Court erred in doing so. Fuller does not support the District Court’s decision or this Court’s decision.