NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1130n.06

No. 11-3554

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 02, 2012*
DEBORAH S. HUNT, Clerk

ROBERT DOYLE,

    Plaintiff-Appellee,

v.

MUTUAL OF OMAHA INSURANCE CO.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

Before: COOK and STRANCH, Circuit Judges; STAMP, District Judge.[*]

COOK, Circuit Judge. Kevin Bowman, the attorney who caused the delay and confusion underlying this appeal, represented Plaintiff-Appellee Robert Doyle in an insurance dispute against Defendant-Appellant Mutual of Omaha Insurance Company ("Mutual"). After months of neglecting Doyle's case against Mutual, Bowman disposed of it altogether by successfully moving to dismiss the case with prejudice. When Doyle discovered Bowman's wrongdoing nine months later, he moved to vacate the judgment under Federal Rule of Civil Procedure 60(b)(6). The district court granted the motion and restored the case to its docket. Mutual appeals this decision. For the reasons stated below, we DISMISS Mutual's appeal for lack of jurisdiction.

---

[*]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

No. 11-3554
*Doyle v. Mutual of Omaha*

I.

Claiming that Mutual breached an insurance contract that he purchased for his mother, Doyle hired Bowman to sue Mutual. In 2002, Bowman filed a complaint on Doyle's behalf. From that point, Bowman neglected Doyle's case entirely: he missed discovery deadlines, failed to answer discovery requests or make required disclosures, and neglected to follow up on a list of potential witnesses and experts that Doyle suggested. In response to Bowman's failures, Mutual filed motions to compel discovery, to exclude expert testimony, and for sanctions—all of which Bowman ignored.

Concluding this performance, Bowman moved to dismiss Doyle's case during a telephone conference with the district court judge. Bowman falsely told the court that Doyle wished to dismiss his case with prejudice; the truth was, however, that Bowman never sought Doyle's permission and took pains to hide the dismissal from Doyle. In January 2004, the district court dismissed the case with prejudice. Over the ensuing nine months, Doyle "periodically" called Bowman to check on the status of his case. Each time, Bowman reassured Doyle that his case was "progressing" and that he was "waiting on some decisions from the Court."

Doyle eventually uncovered Bowman's duplicity. In late October, Doyle again called for his periodic status check. But this time, Bowman's firm directed Doyle to a partner at the firm, who told Doyle that the firm recently fired Bowman. A few days later, that partner met with Doyle and broke the unexpected news that the court dismissed his case nine months previously on Bowman's motion.

2

A month after this meeting, the partner entered an appearance on Doyle's behalf and moved to vacate the January 2004 judgment under Rule 60(b)(6). Noting that the rule warrants relief in cases presenting "extraordinary circumstances of attorney misconduct," the court sustained Doyle's motion to vacate. This appeal followed.

## II.

We begin, as we must, by addressing our jurisdiction over this appeal. Title 28 U.S.C. § 1291 grants courts of appeals jurisdiction to review "all final decisions of the district courts of the United States." But where an order merely vacates a judgment and leaves the case pending for further determination, we generally deem the order non-final and therefore unappealable. *See, e.g.*, *In re Saffady*, 524 F.3d 799, 802 (6th Cir. 2008) (finding that court lacked jurisdiction to review "[a]n order setting aside a prior judgment" because the order "clearly contemplate[d] further proceedings"); *cf. Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (noting that a final, appealable decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)).

The challenged Rule 60(b) order vacated the judgment, restored the case to the court's docket, and scheduled a telephone conference to "set relevant dates" in preparation for trial. Because the order contemplates further proceedings, it fails to qualify as a final, appealable order. *See Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) (finding that an order setting aside a judgment and reinstating a case under Rule 60(b)(6) was not appealable); *cf.* 12 James W. Moore et al., Moore's

Federal Practice § 60.68[2] (3d ed. 2012) (noting that in most instances a grant of Rule 60(b) relief that merely vacates a judgment and leaves the case pending for further determination is "interlocutory and nonappealable").

One case—*Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991)—conflicts with the general prohibition against the review of non-final orders. *Mallory* concluded that parties may appeal a Rule 60(b) order, apparently without distinguishing between an order granting or denying relief. *See id.* at 1277. But even *Mallory* invoked the *Coopers* finality standard, and we have since read the case narrowly. *See Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, Nos. 10-1315, 10-1397, 2012 WL 1181486, at *3 (6th Cir. Apr. 10, 2012) (reconciling *Mallory* with *Fuller* and noting that we have "rejected claims that Rule 60 orders constitute final judgments"). At any rate, to the extent that *Mallory* conflicts with *Fuller*, the earlier-decided *Fuller* controls. *See, e.g.*, *Dupont Dow Elastomers*, *L.L.C. v. N.L.R.B.*, 296 F.3d 495, 506 (6th Cir. 2002) (stating that "[w]hen a later decision of this court conflicts with the holding of a prior decision, it is the earlier case that controls").

*Fuller* concluded that no final, appealable order results from a Rule 60(b) order setting aside a judgment and reinstating a case where the order is "merely one of the orders which the district court has made and will make in the process of reaching a decision." 916 F.2d at 360. But *Fuller* recognized a narrow exception: a party may appeal the grant of a Rule 60(b) motion where "the district court acts without the power to do so." *Id.*; *see also McDowell v. Dynamics Corp. of Am.*,

931 F.2d 380, 382 (6th Cir. 1991). Under *Fuller*, if the district court exceeded its power in granting relief, then we may exercise jurisdiction and reverse; if the court acted within its power, then we lack jurisdiction to hear the appeal and must dismiss the appeal. *See McDowell*, 931 F.2d at 382-84.

Answering this jurisdictional question requires some inquiry into the merits. In both *Fuller* and *McDowell*, the appellants argued that the district court improperly granted relief under Rule 60(b)(6) to avoid the one-year time limitation that applies to the rule's other provisions. *See Fuller*, 916 F.2d at 360; *McDowell*, 931 F.2d at 383. Because a court may grant Rule 60(b)(6) relief only in "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses" of Rule 60(b), both cases turned on whether the facts warranted relief under Rule 60(b)'s first five provisions. *McDowell*, 931 F.2d at 383 (internal quotation marks omitted). If so, then the district court lacked authority to set aside judgment under Rule 60(b)(6). *Id.*; *Fuller*, 916 F.2d at 360. Determining whether the situation fell within the rubric of 60(b)'s other provisions required a look at the underlying facts. *See McDowell*, 931 F.2d at 383; *Fuller*, 916 F.2d at 362.

Seeking a similar review of its claim on the merits, Mutual frames its argument on appeal as a challenge to the district court's authority to grant relief. The district court set aside judgment after finding that the profound failures of Doyle's attorney to prosecute his case amounted to an "extraordinary circumstance" warranting relief under Rule 60(b)(6). *See Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Mutual argues that the misbehavior of Doyle's attorney could never justify Rule 60(b)(6) relief, because the acts

of an attorney generally bind his client, regardless of whether the attorney acts with inexcusable negligence. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

But unlike the arguments raised in *Fuller* and *McDowell*—whether the applicability of Rule 60(b)'s other provisions deprived the court of the power to grant Rule 60(b)(6) relief—Mutual's argument thinly disguises an attack on the district court's exercise of its discretion in granting relief. In its initial briefing, Mutual contended only that the district court abused its discretion in granting Rule 60(b)(6) relief—an argument that we lack jurisdiction to address. After we directed the parties to show cause why we should not dismiss this appeal for lack of jurisdiction, Mutual recast its argument as a challenge to the court's *authority* to grant relief under Rule 60(b)(6).

Assuming Mutual's challenge falls within *Fuller*'s exception, Doyle has the better of this argument. In rare cases, we have found a lawyer's failures sufficiently egregious to warrant relief under Rule 60(b)(6). *E.g.*, *Fuller*, 916 F.2d at 361 (holding that a district court acted within its discretion in granting 60(b)(6) relief vacating judgment after attorney failed to attend docket call and failed to inform the client of the dismissal for more than a year despite the client's frequent inquiries); *Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., Inc.*, No. 98-5041, 1999 WL 98590, at *4-6 (6th Cir. Jan. 26, 1999) (reversing district court and granting 60(b)(6) relief from a default judgment entered after an attorney lied to his clients about the status of their case, failed to appear at depositions, failed to file a response to a motion for summary judgment, and failed

to make other required filings); *see also Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co.*, No. 09-1610, 2012 WL 1547973, at *12 (6th Cir. May 2, 2012) (noting that "courts occasionally deem attorneys' misconduct sufficiently egregious to warrant post-judgment relief for their abused clients," but affirming district court's denial of relief). After reviewing cases within our circuit finding that Rule 60(b)(6) supplied relief in similar circumstances, the district court concluded that the conduct of Doyle's attorney was "even more egregious" and found Rule 60(b)(6) relief warranted.

Though we have no occasion to pass judgment on the merits of the district court's determination, we find that it acted within its authority in granting relief under Rule 60(b)(6). The district court therefore had jurisdiction, and we do not. *Fuller*, 916 F.2d at 361. The remainder of Mutual's arguments exceed the scope of this limited jurisdictional inquiry. *See, e.g.*, *Quality First Staffing Servs., Inc. v. Fed. Express Corp.*, 80 F. App'x 461, 463 (6th Cir. 2003); *Nat'l Passenger R.R. Corp. v. Maylie*, 910 F.2d 1181, 1184 (3d Cir. 1990).

III.

Because we find that the trial court acted within its authority in granting Doyle Rule 60(b)(6) relief, we DISMISS Mutual's appeal.