Kevin G. JACKSON, Individually and in His Representative Capacity as Administrator of the Estate of Paula Kay Jackson, and as Personal Representative of Her Next of Kin and Beneficiaries, Plaintiffs–Appellees,

v.

Soy SOK,

and

Allstate Insurance Company, Defendants,

and

West American Insurance Company, Intervenor/Defendant–Appellant.

No. 01–3893.

United States Court of Appeals, Sixth Circuit.

May 5, 2003.

Before SILER and BOGGS, Circuit Judges; and STEEH, District Judge.*

PER CURIAM.

Intervenor-defendant West American Insurance Company ("WAI"), a subsidiary of Ohio Casualty Group, appeals the district court's decision to grant the plaintiffs' amended Rule 60(b) motion to set aside a default judgment rendered against defendant Soy Sok and the plaintiffs' uninsured motorist carrier, Allstate Insurance Company ("Allstate"). For the reasons set forth below, we **AFFIRM** the judgment of the district court.

### Background

Paula Jackson was struck and killed by an automobile driven by Sok, an uninsured motorist. The decedent's husband, Kevin Jackson, on behalf of Paula's estate, subsequently filed this wrongful death suit against Sok. Sok failed to file an answer to the complaint or respond to the plaintiffs' numerous discovery requests. As a consequence, Jackson also sought recovery from his uninsured motorist policy through Allstate.

On June 15, 1999, Jackson filed a motion for default judgment against Sok pursuant to Fed.R.Civ.P. 55(a). The motion was granted by order dated October 18, 1999. The court indicated that damages against

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

Sok approximated $500,000, but entered a judgment in the amount of $100,000 plus costs and interest because this was the maximum amount of Jackson's coverage with Allstate. Default judgment against Sok was entered the same day.

Less than one year later, on October 5, 2000, Jackson filed a Rule 60(b) motion for relief from the default judgment against Sok. He asked the court to set aside the earlier judgment so that he could amend his complaint and seek additional insurance proceeds under an uninsured motorist policy which his employer, Hater Industries, had with WAI at the time his wife was killed. The claim against WAI was to be premised upon alleged changes in Ohio law that were unknown to Jackson's counsel at the time default judgment was entered.

Jackson relies on two recent Ohio Supreme Court cases—*Scott-Pontzer v. Liberty Mutual Fire Insurance Company*, 85 Ohio St.3d 660, 710 N.E.2d 1116, decided on June 23, 1999, and *Ezawa v. Yasuda Fire & Marine Insurance Company of America*, 86 Ohio St.3d 557, 715 N.E.2d 1142, decided on September 22, 1999—to support his claim to coverage under the WAI uninsured motorist policy. *Scott-Pontzer*, decided eight days after Jackson filed his motion for default judgment, held that when an employer's uninsured motorist coverage names the corporate entity as the insured to include "you," the policy should be interpreted to extend insured status to the employees of the corporation. In *Ezawa*, the state supreme court extended insured status under *Scott-Pontzer* to cover family members of corporate employees, such as Mrs. Jackson.

The district court permitted WAI to intervene to defend against Jackson's Rule 60(b) motion and, on July 17, 2001, granted Jackson's motion to set aside the default judgment. The district court reasoned

that the *Scott-Pontzer* and *Ezawa* cases reflected an unusual change in Ohio law, which warranted setting aside the earlier default judgment.

## Discussion

### A. Standing

As an initial matter, Jackson argues that WAI lacks standing to appeal the decision below since it was not bound by the original default judgment. We disagree. Where the intervenor-defendant's own interests have been adversely affected by a judgment, it has standing on appeal even if it would have lacked standing to sue in the underlying matter. *See Ass'n of Banks in Ins. v. Duryee*, 270 F.3d 397, 403–04 (6th Cir.2001).

Permission to intervene in a district court action does not confer standing on appeal. *Diamond v. Charles*, 476 U.S. 54, 68, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986). However, an intervenor may appeal from a district court decision in absence of the party on whose side intervention was permitted "upon a showing by the intervenor that [it] fulfills the requirements of Art. III." *Id.; Duryee*, 270 F.3d at 403. Article III standing requires the party allege an injury-in-fact that is fairly traceable to the challenged conduct and likely to be redressed by a favorable court decision. *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

In the present case, WAI has an interest in maintaining finality of the default judgment because there is a strong probability that it will suffer economic injury if the default judgment is set aside. Specifically, WAI would be required to defend against Jackson's amended claim and, if Jackson were to prevail, it would be liable to Jackson for damages that exceed the initial $100,000 recovery. Though this injury is indirect, it is "distinct" and "palpable,"

traceable to the Rule 60(b) motion, and capable of redress by this court. *See Jet Courier Serv. Inc. v. Federal Reserve Bank of Atlanta,* 713 F.2d 1221 (6th Cir. 1983) (holding that an indirect injury does not necessarily deprive litigant of standing). Therefore, WAI has standing to appeal.

## B. Rule 60(b) Motion

■ The district court granted relief pursuant to Rule 60(b)(6), which provides that a court may set aside a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated ...; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Rule 60(b)(6) allows the court to set aside a judgment to ·accomplish justice in "exceptional or extraordinary circumstances which are not addressed in the first five numbered sections of the rule." *See McDowell v. Dynamics Corp. of Am.,* 931 F.2d 380, 383 (6th Cir. 1991). The district court found exceptional the intervening change of law that resulted from the *Scott–Pontzer* and *Ezawa* decisions.[1] Although a change in law rarely constitutes an "extraordinary circumstance" justifying Rule 60(b)(6) relief, *Blue Diamond Coal Co. v. Tr. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524

(6th Cir.2001), the district court did not abuse its discretion in granting the motion.

This case is analogous to *Cincinnati Insurance Company v. Byers,* 151 F.3d 574 (6th Cir.1998), where we held that the district court erred in not granting the plaintiff's Rule 60(b)(6) motion due to an intervening change in law. Here, as in *Byers,* the change in law occurred after the filing of the motion but before the court ruled on the matter. *Id.* at 580. Thus, this is not an attempt to use a Rule 60(b)(6) motion as a substitute for an appeal following a subsequent change in the law. *See Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989) (disapproving of the use of Rule 60(b)(6) to gain a second chance at an appeal).

Furthermore, the district court properly considered equitable factors set forth in *United Coin Meter Co., Inc., v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir.1983). Having found no evidence that Jackson either intended to thwart judicial proceedings or acted with disregard for the effect of its conduct, *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 432 (6th Cir.1996), we agree with the district court that the entry of default was not the result of willful or culpable conduct. In fact, the record suggests that Jackson remained unaware of the intervening change in law and, upon discovering the *Scott–Pontzer* and *Ezawa* decisions, took steps to ensure that his claim was meritorious prior to moving to set aside the default judgment. Furthermore, WAI has failed to demonstrate that it will be prejudiced by loss of

---

1. WAI argues that the Ohio Supreme Court did not announce a "change in the law," but rather clarified existing law-that ambiguous contracts are to be strictly construed against the insurer. WAI is correct insofar as the state court employed a well-established rule of construction to construe the contracts at issue against the insurer. However, there is no indication that the *Scott–Pontzer* theory of recovery preexisted the district court's decision. Thus, although the *Scott–Pontzer* decision did not involve a change in the law in the sense of a reversal, it created a new theory of recovery.

evidence or suffer other tangible harm if the default judgment is set aside.

**AFFIRMED.**